**WALLACE et al. v. CITY OF COLEMAN et al.**

No. 7463.

Court of Civil Appeals of Texas. Austin.
June 11, 1930.

Rehearing Denied July 2, 1930.

Critz & Woodward, of Coleman, for Wallace and others, trustees.

Dibrell & Starnes, of Coleman, for Mrs. Marie H. Stanberry, executrix, and others.

BLAIR, J.

Appellants, as trustees of Ray Post American Legion No. 213, Coleman, Tex., sued the city of Coleman, the executrix and heirs at law of Sam Henderson, deceased, the executors and heirs at law of Upton Henderson, deceased, and others in trespass to try title to recover lots 3 and 4, in block 13, of Phillips addition to the city of Coleman. H. C. Potter and wife, the agreed common source of title, conveyed lots 3, 4, and 5 in Phillips addition to J. M. Bailey, by deed dated September 20, 1890, and recorded in deed records of Coleman county, October 6, 1890. Prior to this deed, the following map of Phillips addition had been recorded, although the city of Coleman had not been incorporated:

Map showing Block No. 13 of the Phillips Addition No. 1 to the City of Coleman, in Coleman County, Texas.

On October 6, 1890, J. M. Bailey conveyed lots 3 and 4 to the county judge of Coleman county and his successors in office, in consideration of $100 paid; the material portion of the deed reading as follows:

"Do grant, sell and convey unto the County Judge of Coleman County, Texas, and his successors in office, of the County of Coleman

and State of Texas, all that certain real estate situated in the town of Coleman in the County of Coleman and State of Texas, viz: Lots Nos. Three (3) and Four (4) in Block No. Thirteen (13) of Phillips Addition to the town of Coleman, the two lots herein conveyed being deeded for the following purpose and trust, the said two lots are to be forever used as a street connecting the court house square on the east end of said lots with the Concho Street on the west end of said lots, and to be never used for any other purpose."

On October 20, 1890, the commissioners' court of Coleman county accepted the deed and ordered "that said two lots be used hereafter as a public street, and be known as Stapps Street," and they were immediately so used. On September 11, 1907, and after the city of Coleman had been incorporated, the county judge and each member of the commissioners' court of Coleman county, signed a deed conveying said lots 3 and 4 to the city of Coleman; the deed reciting the following facts:

"Whereas, on the 6th day of Oct. A. D. 1890, J. M. Bailey, for a consideration of One Hundred Dollars to him paid by S. S. Stapp, deeded lots Nos. Three (3) and Four (4) in Block No. 13 of Phillips Addition No. 1 to the town of Coleman in Coleman County, Texas, for and to be used for street purposes in lieu of the part of Cottonwood Street north of Lot No. 1 in said Block No. 13, the said exchange was made for the use and benefit of the City of Coleman, but in the absence of any City Government the lots above described were transferred to Coleman County;

"Now, therefore, since the City Government is organized and in full force and effect, we, the County Judge and Commissioners of Coleman County, State of Texas, do hereby transfer and quit claim as before described to the City of Coleman a body corporate, said lots to be used for street purposes."

On March 28, 1925, J. M. Bailey, by general warranty deed, reciting a consideration of $10 paid, conveyed lots 3 and 4 in block 13, Phillips addition to the city of Coleman; the deed reciting as follows:

"It is the intention of this deed to confirm in the City of Coleman the absolute and unconditional title to the above described property so that the said City of Coleman can dispose of said Lots or Use the same in such manner as it shall see fit, regardless of whether or not same are perpetually used as a public street."

On May 11, 1925, Stapps street was closed and abandoned by an election called for that purpose under provision of article 1019, R. S. 1925; and on May 21, 1928, the city of Coleman deeded lots 3 and 4 to appellants in consideration of $400 paid. The above conveyances constitute the chain of title under which appellants primarily claimed the land. The city of Coleman disclaimed. Appellees,

the heirs and legal representatives of Sam and Upton Henderson, deceased, claimed title as grantees of J. M. Bailey through mesne conveyances of lot 5 of said Phillips addition, J. M. Bailey having conveyed same to Sam Henderson by general warranty deed dated March 11, 1898, after Stapps street had been in use as an abutting public street thereon; their contention being that the deed of J. M. Bailey to the county judge of Coleman county only conveyed an easement to said lots 3 and 4 for street purposes, and, since the street was laid off entirely upon the land of J. M. Bailey, running along the margin of lot 5, which he afterwards conveyed to appellees' predecessors in title by general warranty deed, the fee in the whole of the soil in the street (lots 3 and 4) vested in appellees upon the street being closed and abandoned.

The court tried the case without a jury, and construed the deed of J. M. Bailey to the county judge of Coleman county to convey only an easement, but apparently held under provision of article 1016, R. S. 1925, that, upon the street being vacated, the land reverted and became the property of the owners of the adjoining lots on either side of the street, each extending to the center of the street. Appellants had purchased whatever interest the owners of lot 2 abutting along the north line of said street had therein, so the trial court awarded appellants lot 3 and appellees lot 4 in controversy; hence this appeal by both the appellants and the appellees.

■■ As we view the appeal, the sole question is a construction of the deed of J. M. Bailey to the county judge of Coleman county to determine whether it conveyed the fee to lots 3 and 4 or a mere easement therein for street purposes. We have reached the conclusion that the parties intended that it should convey the fee to said lots under the undisputed facts and circumstances which surrounded its execution at the time. It may be observed here as preliminary that the court, in construing the language of a deed, must consider the circumstances attending the transaction, the particular situation of the parties, and the state of the thing granted, for the purpose of ascertaining the true intention of the parties, which in all instances will control. Stevens v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 212 S. W. 639.

Article 1576, R. S. 1925, reads as follows: "All deeds, grants and conveyances heretofore or hereafter made and duly acknowledged, or proven, and recorded as other deeds of conveyance, to any county, or to the courts or commissioners of any county, or any other person or persons, by whatever form of conveyance, for the use and benefit of any county, shall be good and valid to vest in such county in fee simple or otherwise all such right, title, interest and estate as the grantor in any such instrument had at the time of the

execution thereof in the lands conveyed and was intended thereby to be conveyed.".

■■ It is settled law that a county may hold an equitable or trust title as well as a legal title, and the mode of conveying title by the county applies to all titles of whatever quality they may be. Bell County v. Felts (Tex. Civ. App.) 120 S. W. 1065, 1071. The language of the deed in question is capable of conveying the largest possible estate in said lots 3 and 4. The grantor owned the fee to them at the time of the execution of the deed, and it contains no language showing that it was intended thereby to convey only an easement in the land. It recites that the conveyance is in "trust" for "street" purposes "forever." It recites a consideration of $100 paid, which from other facts and circumstances in the record was about the market value of the lots at the time. There is no reversionary clause in the deed. Bailey bought the three lots only a few days before he sold the two in suit. They all abutted on both ends on already established streets, and there is nothing in the record to show that the opening of the additional street was of any particular value to grantor or his remaining lot 5, unless such may be presumed. The intention of Bailey to convey the entire fee to the lots is also clearly shown by the facts recited in the deed of the Coleman county officials to the city of Coleman, supra. This deed was admitted in evidence without reservation, and for all purposes. It recites that the $100 consideration paid Bailey for the lots was not paid by Coleman county, but by S. S. Stapp; that Stapp had contracted with the prospective city of Coleman, it not being incorporated at the time, to purchase and pay for said lots 3 and 4, in exchange for that portion of Cottonwood street as shown on the map above lot 1 of said Phillips addition. The effect of these transactions was a sale of the fee-simple title of lots 3 and 4 by Bailey to Stapp; Bailey deeding same to Coleman county under the direction of Stapp, the county holding same in "trust" for the city of Coleman when it became incorporated, and the city having agreed to pay apparently the full value therefor by trading Stapp Cottonwood street in exchange. These transactions occurred at the time Bailey's deed to Coleman county was executed. There was no oral testimony given on the trial; but all deeds were admitted under agreement that they would constitute the facts in the cause. It therefore follows that the general rule or presumption of law that Bailey vested in his grantees not only the fee to lot 5, but also the fee to the entire street (lots 3 and 4) abutting thereon, is not applicable, because he had already conveyed the entire fee title to Coleman county, or in trust for Stapp and the city of Coleman, as above shown, before he conveyed lot 5 to appellees' predecessors in title. Mitchell v. Bass, 26 Tex. 372; Id., 33 Tex. 260; Stevens v. G. H. & S. F. Ry. Co. (Tex. Com. App.) 212 S. W. 639; 44 C. J. 917, 918.

We therefore affirm the judgment awarding appellants lot 3 in controversy, but reverse the judgment awarding appellees lot 4 in controversy, and here render judgment so as to also award appellants lot 4 in controversy.

Affirmed in part, and in part reversed and rendered.

#### On Motion for Rehearing.

On motion for rehearing, appellee attacks our finding that the lots in controversy, sold in 1890 to the county for about their market value as compared to the consideration recited in another deed of that date. The finding is not necessarily material, because the lots sold for a valuable consideration, and we make this statement in the interest of accuracy alone.