## DENNIS et al. v. LITTLE.
### No. 2473.

Court of Civil Appeals of Texas. Eastland.

Oct. 13, 1944.

Rehearing Denied Dec. 29, 1944.

Chas. Nordyke, J. A. Johnson, and R. L. Thompson, all of Stephenville, for appellants.

C. O. McMillan, of Stephenville, for appellee.

FUNDERBURK, Justice.

In the court below C. H. Little was plaintiff and H. D. Dennis and others were

either defendants or intervenors, the latter having similar interests as defendants. Plaintiff's petition contained two counts. The First Count was in form the statutory action in trespass to try title to land aggregating 947 acres. It seems to be conceded, at least impliedly, that the judgment rests wholly upon the averments in said First Count.

In a jury trial and based upon the verdict of the jury, the Court gave judgment awarding plaintiff recovery of the 947 acres of land, except an undivided 74⅘ acres awarded to H. D. Dennis, and and undivided 74⅘ acres awarded to D. O. Dennis. The defendants and intervenors have appealed.

The appeal is predicated upon four points.

■■ The First Point purports to have reference to the action of the Court in overruling a special exception to pleadings. We are unable to find from the record that such a ruling was made, or that even if made, it was assigned as error in the motion for new trial. The point is, therefore, not supported by the record, and in any event, is waived. The Fourth Point is not briefed, and although the intention to waive is disclaimed, in our opinion it is waived as a matter of law.

The Second Point is: "The error of the court in refusing Defendants' and Intervenors' specially requested instructions for a verdict in favor of Defendants and Intervenors on the ground that the uncontroverted evidence showed and constituted the Plaintiff a co-tenant with all Defendants and Intervenors." It is readily deducible that if the uncontroverted evidence did, as thus insisted, show such co-tenancy existing at the time of the trial, that would at the same time constitute a showing that plaintiff was not entitled to recover the interests of other co-tenants which the judgment awarded.

It was shown that at a tax-lien foreclosure sale the land was conveyed by the Sheriff of Erath County to the State of Texas by deed dated May 7, 1940, and reciting payment of $1,743.23 as the consideration therefor. The record fails to show when this deed was filed for record. By an amendment of 1932 of Sec. 13, Art. 8, of the Constitution, Vernon's Annotated Constitution, Pt. 2, the two-year redemption period began with the filing of said deed for record. It could be logically

contended that the Second Point is sustained because of the absence of any evidence that the two-year period of redemption had expired when, on August 5, 1942, the suit was filed.

■■ The Sheriff's acknowledgment of said deed was dated July 1, 1940. The presumption is, of course, that the deed was not filed for record before it was acknowledged so as to authorize its record. For present purposes we may assume that the deed was filed immediately after it was acknowledged, and shall treat the date of filing as July 1, 1940. By deed dated August 16, 1941, plaintiff acquired the undivided interest of D. L. Dennis, thereby becoming a co-tenant in the ownership of said 947 acres of land with the other defendants and intervenors. Thereafter, on or about November 10, 1941, within the two-year redemption period plaintiff paid to the State the sum at that time required to redeem said land, amounting to $2,965.-09. The fact of such payment and the time thereof was acknowledged by plaintiff by acceptance of an instrument so reciting, which purported to be a deed by the State of Texas to him and bearing said date of November 10, 1941, quitclaiming the State's interest in said land. While such instrument was evidence of such payment and time of payment, it was not, in our opinion, effective as a conveyance of any title to said land. Assuming that the State of Texas had acquired, in the manner above stated, some interest in said land, and that it was authorized by law to convey such interest to plaintiff before the expiration of the period of redemption, it would not follow that such conveyance could be made by the Tax Collector. The instrument recites that it was made in the name of the State "acting by and through Jim Fincher, the Tax Collector of Erath County." (Note.—The instrument was signed and acknowledged by the Attorney General, but he in no way joined in the deed so as to make him a party grantor. Stone v. Sledge, 87 Tex. 49, 26 S.W. 1068, 47 Am.St.Rep., 65.) It would seem that the only way the State could convey title to land would be by an act of the Legislature having in itself such effect, or authorizing one or more agents to make such conveyance for the State. So far as we can find, neither has been done. The sheriff was authorized to convey the land to the State. Vernon's Ann.Civ.St., Art. 7328. If the land had not been redeemed

"before six months after the redemption period" the sheriff under certain circumstances would have been authorized to sell and convey to the highest bidder, as provided in Vernon's Ann.Civ.St., Art. 7345b, sec. 9. But we know of no law authorizing a County Tax Collector, to make a conveyance of land owned by the State of Texas. There is no law that we know of which can be said to imply such authority. Without such authority, express or implied, the Tax Collector would have no more authority than would a justice of the peace, for example. It would scarcely be arguable that a justice of the peace, in the absence of any law so providing, would have such authority. We, therefore, conclude that the uncontroverted evidence did show that plaintiff was only a tenant in common with certain of the defendants and intervenors, and hence, the judgment was erroneous in awarding him recovery against his co-tenants.

Point 3 is: "The error of the court in refusing Defendants' and Intervenors' specially requested instruction for a verdict in favor of the Defendants and Intervenors for the reason that the undisputed testimony of the witnesses and the admissions of Plaintiff constituted the Plaintiff, C. H. Little a trustee, and holding said land in trust for Appellants." This point assumes, of course, that by the instrument above discussed, which we have held ineffective to convey title, plaintiff acquired title to the land but impressed with a trust in favor of the other co-tenants.

Any question of an express trust, or trust by agreement, is ruled out because of the verdict of the jury. The following special issue was submitted and found in favor of plaintiff: "Do you find from a preponderance of the evidence that at or immediately prior to the time C. H. Little acquired the deed from the State of Texas to the lands in question, it was understood and agreed by and between C. H. Little and H. D. Dennis, acting for himself and the others, that Little would purchase the land for them and would be repaid by them what he was out, plus six per cent interest, and that each would get his part at the time of payment of the pro-rata part of the money expended by Little in proportion to the amount of land owned by each, plus six per cent interest, when the amount owned by each was finally determined?"

The question then is whether the evidence (aside from any evidence on the issue of an express trust) showed conclusively that plaintiff occupied a position of mutual trust and confidence in relation to any of the defendants or intervenors, which independently of any express agreement, would constitute him a trustee. The evidence (including admissions of plaintiff binding upon him) showed that plaintiff paid $2,965.09 for 947 acres of improved land. The lowest estimated value of the land at the time, according to any of the evidence, was $11,837.50. Although plaintiff knew the land and was a witness, he did not deny such value. H. D. Dennis, the father-in-law of plaintiff, was the only one of the co-tenant owners of the land who lived in Erath County, where the land was located. He was the only one of the co-tenants who was in actual physical possession of the land up to the time plaintiff by deed dated August 16, 1941, acquired the undivided interest from D. L. Dennis, a resident of Oklahoma. By that conveyance plaintiff, independently of the possession of H. D. Dennis, which plaintiff had theretofore shared, acquired the •right of possession of said 947 acres. Both such possession and right of possession continued at least until July 1, 1942—the date of the expiration of the Constitutional two-year period of redemption. But, as said, for years prior to August 16, 1941, plaintiff himself had possession of said land in connection with, and under leave of, H. D. Dennis, the co-tenant in possession. Sheep, goats and cattle in which plaintiff had a community of interest with H. D. Dennis, had been kept on said land, and for at least one year plaintiff had personally farmed a part of the land. During this time plaintiff was informed of the interests of the several co-tenants and of the existence of a large sum due for delinquent taxes on the land. Plaintiff testified to the effect that before he received the deed from the State he was apprised of an intention on the part of his father-in-law, H. D. Dennis, to acquire the land to the exclusion of at least some of his co-tenants. H. D. Dennis assisted plaintiff to acquire the interest of D. L. Dennis. Waiving the issue between the two, if this was not for the purpose of enabling the plaintiff to *redeem* the land, as contended by H. D. Dennis, then it was notice to plaintiff of a purpose on the part of H. D. Dennis, the longtime tenant in actual possession shared

by plaintiff to deal unfairly with his co-tenants. I. T. Dennis, owner of the largest interest in the land, relied upon H. D. Dennis, who paid no rent for the use of the land to look after the taxes. In June, 1941, when H. D. Dennis went to Oklahoma with plaintiff to assist plaintiff in acquiring the interest of D. L. Dennis, plaintiff says he heard D. L. Dennis suggesting to H. D. Dennis that he ought to be able to pay a little rent. In plaintiff's conversations with I. T. Dennis before the actual expiration of the period of redemption he was at least equivocal and did not make it plain to him that unless the land was redeemed strictly as required by law he was going to claim the land adversely to his co-tenants.

We shall assume, without deciding, that if no other inequities were involved, plaintiff was not disqualified solely by reason of his status as a co-tenant to acquire title from the State and assert it against his co-tenants, subject only to their right of redemption within two years from the filing of the sheriff's deed to the State. Had D. L. Dennis not conveyed his interest to plaintiff, D. L. Dennis, standing, as he did, in the relation to his co-tenants, of a tenant in co-parcenary at common law, could not have acquired an outstanding encumbrance or title freed of a trust. Roberts v. Thorn, 25 Tex. 728, 78 Am.Dec. 552. But plaintiff acquired the interest of D. L. Dennis, one of the co-tenants, under the impression that it was necessary to do so in order to either redeem the land, in which case the impression was true, or to purchase it free of the claims of his co-tenants, in which case the impression was not true. By such purchase he united a possession which he theretofore held under another co-tenant, H. D. Dennis, his father-in-law, with a possession and right of possession resulting from the conveyance from D. L. Dennis. Plaintiff collaborated with H. D. Dennis while they together were in sole, actual possession, either to redeem the land or to acquire title thereto adversely to the other co-tenants. He disavowed any purpose to *redeem* and therefore sought to acquire title with knowledge of a breach of trust by the co-tenant with and under whom he had shared the possession. Plaintiff was equivocal and gave no direct or positive indication to I. T. Dennis or any other co-tenant (except, as he says, to H. D. Dennis) that his purpose was to acquire exclusive title for himself, rather than to redeem for the optional benefit of all the co-tenants. As a result, if his purpose was to acquire exclusive title to the land, he acquired it at a cost of $2,965.09 for land of the value of $11,837.50.

In our opinion, within the reason and spirit of the law, it would be inequitable for him to be adjudged title to the land as against his co-tenants, and to avoid such inequity he is charged with a trust.

Insofar as the case was tried and judgment rested on the First Count in plaintiff's petition, it is our conclusion that the judgment should be reversed and judgment rendered that plaintiff take nothing.

Plaintiff's Second Count, which was one in the alternative, presents equities to be determined and adjudged, including a claim of plaintiff that he has paid something over $600 taxes since he set up claim to the land. As regarding that phase of the case, we think it should be remanded for further proceedings, all of which is accordingly so ordered.