

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
WILSON
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6438
Re: Methods of selling real estate
by the State or other taxing
unit purchasing property at tax
foreclosure sale, when such sales
by such taxing units are during
the six months period after the
expiration of the redemption
period.

We have your letter of February 23, 1945, requesting that we advise you the proper reply to make to a letter from the County tax collector at Breckenridge, Texas. Said official states in his letter that on a tax foreclosure, the State purchased property for itself and for the benefit of other taxing units, acting, we assume, under the provisions of Article 7345b, Revised Statutes. At the expiration of the two years redemption period, the county tax collector advertised said property for sale on sealed bids, which bids have been received and the highest bidder ascertained.

Three questions are asked: (1) Can said tax collector sell the property in the manner above outlined and execute a deed therefor? (2) Or does the property have to be advertised as a sale under execution and sold by the sheriff? (3) When property is brought by a taxing unit other than the State, how can such taxing unit sell such property during the six months period following the expiration of the redemption period?

We are referred in said letter to the decision of the Eastland Court of Civil Appeals in the case of Dennis v. Little, 184 S.W. (2d) 516. This decision has now been reversed by the Texas Supreme Court and motion for rehearing has been denied. See Little v. Dennis, 14 Tex. Sup. Ct. Rep. 333.

The court in that case, speaking through Justice Sharp, held that where the State purchases at a tax foreclosure sale, the law does not authorize a private sale by the State and that Article 7328, R. S., must be followed in making such sale.

That article provides that when land thus purchased by the State is not redeemed during the time provided by law, the sheriff shall sell the same at public outcry "in the manner prescribed for the sale of real estate under execution. ...." This contemplates a sale at public auction at the county courthouse door on the first Tuesday of the month between the hours of 10:00 A.M. and 4:00 P.M.    Article 3804, R. S.

We answer the first question in the negative and the second question in the affirmative.  The sale must be made by the sheriff as provided in Article 7328, R.S.

The answer to your third question requires a consideration of the first paragraph of Section 9, Article 7345b, R.S., which provides:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds thereof shall be received by it for account of itself and all other said taxing units adjudged in said suit to have a tax lien against such property, and after paying all costs and expenses, shall be distributed among such taxing units pro rata and in proportion to the amount of their tax liens against such property as established in said judgment.  Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located."

Under the provisions of the above statute, we advise

that the other taxing unit purchasers inquired about may, during the six months period following expiration of the period of redemption, sell property for not less than the minimum sale price set by the statute, or for a less amount with the written consent of the other taxing units. The provisions of Article 7345b are cumulative of and in addition to other laws on the subject, (Section 13 of said statute) but, in case of conflict, Article 7345b controls. Subject to the limitations mentioned in the first sentence of this paragraph, said taxing units may sell the property in whatever manner the law provides for the sale of realty by a particular unit.

For example, sales of realty by a county are governed by Article 1577, R.S., which provides that the commissioners' court may, by order entered on its minutes, appoint a commissioner to sell the property at public auction, the deed to be executed by such commissioner. The inquiry here is by a county official and so we have referred you to the law governing county sales. If you should desire information concerning any other specific taxing unit, we will be pleased to go into the matter further.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:db:wc

APPROVED JUN 1, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman