

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Apr. 4, 1947

Hon. B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Opinion No. V-124

Re: Resale of real estate pur-
chased by a county as one
of several taxing units at
tax foreclosure sale.

Dear Sir:

Your letter of March 24, 1947, requests an opinion an-
swering the following:

"In the case of a land foreclosure for delinquent
taxes wherein the County of Hidalgo holds title as
Trustee for itself and other taxing bodies, I would
like to know if the County has a right to sell this land
under the usual procedure of public sale and sealed
bids accepted by the Commissioners' Court and the
interested taxing bodies, but after executing said tax
deed to the purchaser receive in return an oil, gas
and mineral deed to a part of that oil, gas and min-
eral interest conveyed to the purchaser in said tax
deed. May the County go so far as to make the re-
turn of such a mineral deed to the County a condi-
tion precedent to the sale of the property. If such a
transaction would be valid it would be of great bene-
fit to this County.

"We would appreciate your opinion as to the
validity of this transaction or as to a means of re-
turning a mineral interest in tax deeds executed by
the County.

"I am enclosing the form we propose to use for
taking bids for the purchase of land and the mineral
deed to the County from the purchaser of land."

Your question assumes that Hidalgo County may lawfully
sell land purchased by it as one of several taxing units by a pro-
cedure of public sale and sealed bids accepted by the Commis-
sioners' Court and the interested taxing units, which assumption
is contrary to our Opinion No. 0-5056-A, a copy of which is en-
closed for your information. That opinion is in accord with the
decision of the Supreme Court in the case of Little v. Dennis, 187

S. W. (2d) 76.

Article 1577 of the Revised Civil Statutes is the only law which we have found which provides procedure for the sale of land belonging to a county. That Article requires appointment of a Commissioner who shall sell the land at public auction and execute a deed to the purchaser. The cases cited in Vernon's Civil Statutes under Article 1577, supra, hold that it applies to all titles held by a county. Wallace v. City of Coleman, 30 S. W. (2d) 348; 45 S. W. (2d) 198.

We are further of the opinion that the requirement that such land be sold to the highest bidder for cash for the benefit of all taxing units for whom the county holds the title, precludes the County from making a condition of such sale that it may receive a re-conveyance of any mineral interest in the land.

## SUMMARY

Where Hidalgo County and other taxing units recovered judgment foreclosing tax liens on land in Hidalgo County, and Hidalgo County bought said land at sheriff's sale under such foreclosure, the Commissioners' Court is authorized to resell such land as provided in Article 1577, Revised Statutes, 1925, and not otherwise. Sec. 9, Art. 7345b, V.C.S.; Little v. Dennis, 187 S. W. (2d) 76. No resale of the land purchased by Hidalgo County as one of several taxing units from whom tax liens have been foreclosed by judgment in the same proceeding, may be made on condition that an interest in the minerals in such land will be reconveyed to Hidalgo County by the purchaser at such resale.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      W. T. Williams
            Assistant

WTW:erc:wb:sl
Encl.

APPROVED APR 4, 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS