

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

May 13, 1948

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-576

Re: The accrual of taxes on
property bought in by a
taxing unit at a tax fore-
closure sale, as well as
the authority of a taxing
unit to sell such property
at a private sale for more
than the tax judgment.

Dear Sir:

You have requested our opinion on the legal effect of the
amendment of Section 9, Article 7345b, Vernon's Civil Statutes, by
the provisions of House Bill 695, Chapter 454, Acts 50th Legisla-
ture, Regular Session, 1947, page 1061, by propounding the follow-
ing questions:

"1. Does a taxing unit, the State of Texas included,
have the right and power to make a valid private sale
of property bought in for taxes where such sale is for
more than the tax judgment?"

"2. When property is bought in by a taxing unit
at a tax foreclosure sale and is deeded to such taxing
unit to hold for other taxing units interested in the
judgment, do taxes continue to accrue on such prop-
erty or are the taxes abated until it is sold to a pri-
vate individual by such taxing unit?"

In the comprehensive brief submitted by you, you have
discussed the interpretation of Section 9 by the Supreme Court of
Texas in the case of Little v. Dennis, 187 S.W. 2d 76, and opinions
of the Attorney General, O-950, O-1939, O-5056-A, and V-124, prior
to the amendment of such section.

Prior to the 1947 amendment the provisions of Section 9,
Article 7345b, V.C.S., which authorized private sale of property
bought in for taxes by a taxing unit under the statutory provisions
read as follows:

". . . and such property shall not be sold by the taxing
unit purchasing same for less than the adjudged value
thereof or the amount of the judgments against the
property in said suit, whichever is lower, without the
written consent of all taxing units which in said judg-
ment have been found to have tax liens against such
property; and when such property is sold by the tax-
ing unit purchasing same, the proceeds thereof shall
be received by it for account of itself and all other
said taxing units adjudged in said suit to have a tax
lien against such property, and after paying all costs
and expenses, shall be distributed among such taxing
units pro rata and in proportion to the amount of their
tax liens against such property as established in said
judgment. Consent in behalf of the State of Texas un-
der this Section of this Act may be given by the County
Tax Collector of the county in which the property is lo-
cated."

The material changes made by the Fiftieth Legislature in
amending Section 9 are as follows:

". . . The taxing unit may sell and convey said prop-
erty so purchased by it, or which has heretofore been
purchased in the name of any officer thereof, at any
time in any manner determined to be most advantageous
to said taxing unit or units, either at public or private
sale, subject to any then existing right of redemption;
and the purchaser of the property at any such sale shall
receive all of the right, title and interest in said prop-
erty as was acquired and is then held by said taxing
unit under such tax foreclosure sale to it; but such
property shall not be sold by the taxing unit purchas-
ing the same, at private sale, for less than the adjudg-
ed value thereof, if any, as established in the tax judg-
ment, or the total amount for which such judgment was
rendered against the property in said suit, whichever is
lower, without the written consent of all taxing units
which in said judgment shall have been found to have
tax liens against said property. All such consents shall
be evidenced by the joinder in tthe conveyance by the
consenting taxing units, acting by the officers herein
authorized to give such consents. Consent to such sales
in behalf of the State of Texas may be given by the Coun-
ty Tax Collector of the county in which the property is
located; and consents on behalf of other taxing units may
be given by the presiding officers of their governing bod-
ies. . . ."

Section 9 as amended also provides for the manner of executing the conveyance of title of the property sold at both public and private sale and further provides for confirmation and validation of sales and conveyances made by taxing units or officers thereof of property purchased by such taxing units or in the name of any of their officers at foreclosure sales which had been made prior to the passage of the amendment. It will be noted that the case of Little v. Dennis, supra, dealt solely with the law as it existed prior to the amendment, and the same is true of the opinions of the Attorney General.

It is evident that the legislative intent in enacting H. B. 695 was to accomplish a dual purpose; first, to clarify the law by specifically authorizing the resale by public or private sale of property sold under foreclosure for delinquent taxes and acquired by the taxing units under the provisions of Article 7345b; and, second, to confirm and validate such sales as had been made prior thereto but which through lack of express statutory authority or erroneous construction of the law had rendered such sales and the conveyances made thereunder partially invalid, even though the sales and conveyances were made by the taxing units in the utmost good faith.

The above-quoted language of Section 9, Article 7345b, as amended by H. B. 695 is clear and unambiguous and not only authorizes taxing units, including the State of Texas, to make a valid private sale of property bought in for taxes, subject to any then existing right of redemption, for an amount equal to or in excess of the adjudged value thereof, if any, as established in the tax judgment or for the total amount or an amount in excess of the total amount for which such judgment was rendered against such property in said suit, whichever is the lower, without the necessity of a written consent of all taxing units found to have tax liens against said property under the judgment.

Your second question is restated:

"When property is bought in by a taxing unit at a tax foreclosure sale and is deeded to such taxing unit to hold for other taxing units interested in the judgment, do taxes continue to accrue on such property or are the taxes abated until it is sold to a private individual by such taxing unit?"

The Supreme Court of Texas in the case of State v. Moak et al, 207 S.W. 2d 894, 897, has enunciated the rule governing the answer to the foregoing question. The opinion holds as follows:

"... The only interest in the land now extant is that acquired by the taxing units and conveyed by them to Reeve. There is no statute warranting the fixing of a lien against the land for taxes during the time it was held by these taxing units, and the contention advanced by the State that taxes accrued against the property while thus, in effect, held by this sovereign has been emphatically rejected by the courts. (Citing cases)

"As to taxes after the redemption period and before the sale to Reeve. The property was exempt from taxation while held by the City for the State, the County and itself, as was pointed out in the foregoing discussion. Consequently, no taxes accrued during this period."

Under the decision of the Supreme Court of Texas, when property is bought in by a taxing unit at a tax foreclosure sale and is held by such taxing unit for the benefit of the other taxing units interested in the judgment, no taxes accrue upon the property until the sale by the taxing unit to a third party in the manner provided by Section 9, Article 7345b, V.C.S.

## SUMMARY

Under the provisions of Section 9, Article 7345b, V.C.S., as amended by Ch. 454, Acts 50th Leg., 1947, a taxing unit, including the State of Texas, has the authority to sell property acquired by it under the provisions of Art. 7345b, V.C.S., at a private sale, for more than the amount of the judgment. Property purchased by a taxing unit at a foreclosure sale under the provisions of Art. 7345b, V.C.S., is exempt from all taxes and tax liens until the sale thereof to a private individual. Sec. 9, Art. 7345b, V.C.S., as amended by Ch. 454, Acts 50th Leg., 1947; State v. Moak et al, 207 S.W. 2d 894, 897.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED

*Price Daniel*

ATTORNEY GENERAL

By        *C. K. Richards*

C. K. Richards
Assistant

CKR/JCP