## GARCIA v. AYCOCK et al.

### No. 11721.

Court of Civil Appeals of Texas.
San Antonio.

June 18, 1947.

Rehearing Denied July 16, 1947.

Oxford & Ramsour, of Edinburg, for appellant.

J. F. Carl, of Edinburg, for appellees.

MURRAY, Justice.

This cause was instituted by C. B. Garcia, in the form of a trespass to try title suit, against C. N. Aycock, J. F. Carl and wife, Annie Carl, seeking to recover Lots 13 and 14, Block 277, City of Edinburg in Hidalgo County.

A trial was had before the court without a jury and resulted in judgment that plaintiff take nothing and defendants be quieted in their title and possession of Lot 13 and 14 in Block No. 277, City of Edinburg, from which judgment C. B. Garcia has prosecuted this appeal.

Appellant's title herein depends upon a tax foreclosure and sale thereunder. Appellee tendered into court sufficient sums of money and demanded the right to redeem the land. Appellant contends that the offer came too late. The sale under the tax judgment was made on November 3, 1942, but the sheriff's deed to the County, as trustee, was not recorded until the 4th day of January, 1945. Appellant contends that under the provisions of Art. 7345b, § 12, Vernon's Ann.Civ.Stats., appellees' right to redemption expired two years after the date of sale. Appellees contend that their right to redemption under the provisions of Art. 8, § 13, of the Texas Constitution, Vernon's Ann.St., did not expire until two years after the date of the recording of the sheriff's deed. This presents the question as to whether the statute or the Constitution governs this matter.

We have concluded that Art. 8, § 13, of the Constitution does not apply to judicial foreclosure of tax liens and sales thereunder, but that such matters are governed by the provisions of Sec. 12 of Article 7345b, Vernon's Ann.Civ.Stats.

Art. 8, § 13, of the Constitution relates only to a speedy sale, without the necessity of a suit in court, and does not have any bearing upon a sale pursuant to a foreclo-

sure proceeding in court. Section 13 reads as follows:

"Provision shall be made by the first Legislature for the speedy sale, without the necessity of a suit in Court, of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale in like manner of all lands and other property upon which the taxes have not been paid; and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; provided, that the former owner shall within two years from date of the filing for record of the Purchaser's Deed have the right to redeem the land on the following basis:

"(1) Within the first year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus not exceeding twenty-five (25%) percent of the aggregate total;

"(2) Within the last year of the redemption period upon the payment of the amount of money paid for the land, including One ($1.00) Dollar Tax Deed Recording Fee and all taxes, penalties, interest and costs paid plus not exceeding fifty (50%) percent of the aggregate total."

A mere reading of the section demonstrates that it refers to summary sales and was not intended to apply to sales made pursuant to judicial foreclosures. In City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496, 500, it is stated:

"We are also of opinion that section 13 of article 8 of the constitution does not bear upon the question. The right of redemption which was secured to the owner by that section applies only to 'the speedy sale' for which the legislature was required to make provision. The language of the section itself makes this manifest. * * * The proviso in which the right of redemption is given makes the period begin from the date of the purchasers' deed, and the deed referred to is that previously mentioned; that is, to 'the land thus sold.' Clearly, by 'land thus sold' is meant the land which was to be sold under the summary remedy which the legislature was to provide."

It is true this was written before Sec. 13, Art. 8, was amended in 1932, but it applies with equal force to the amended section because the principle is the same. See also, Mexia Independent School Dist. v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, 134 A.L.R. 1277; Love v. Spur Independent School District, Tex.Civ.App., 143 S.W.2d 793.

Section 12 of Article 7345b reads in part as follows: "* * * but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale have the right to redeem said property on the following basis, to-wit: * * *."

This provision of the statute is not in conflict with the provisions of Sec. 13 of Art. 8, of the Constitution. The period of redemption herein was two years from the date of the sale, which expired long before appellees made tender of the sums required to redeem the land.

Appellees complain because the sheriff's return shows that he sold the property to the State and there has been no deed from the State. The sheriff's deed shows that the lots were sold to Hidalgo County, and the trial court properly held that the deed would control over the return, and was sufficient to show that Hidalgo County was the purchaser at the sale.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellant, C. B. Garcia, recover the title and possession of Lots 13 and 14, Block 277, of the City of Edinburg, Hidalgo County, Texas, together with the cost of this and the court below.

Reversed and rendered.