THE STATE OF TEXAS V. J. L. MOAK ET AL.

No. A-1319. Decided January 7, 1948.
(207 S. W., 2d Series, 894.)

*E. S. Pritchard* and *E. G. Aycock,* both of Fort Worth, for petitioner.

*J. R. Beck,* of Beaumont, for respondent.

324

MR. JUSTICE SIMPSON delivered the opinion of the Court.

This controversy grows out of the claim of the State of Texas for taxes against certain real estate in the City of Beaumont which had been bought in by the City at a foreclosure sale following judgment in a suit brought by the City against Sidney T. and Mary E. Hurley for taxes for 1919 through 1937. The State of Texas and Jefferson County had been impleaded in that litigation under Section 2 of Article 7345b, Vernon's Ann. Civ. St., and the judgment for taxes in that suit ran in favor of the County and State as well as the City. The property was sold at sheriff's sale on October 7, 1941. The City held the title it purchased at that sale for itself and as trustee for the State and County in proportion to the tax recovery awarded by the judgment to each taxing unit. Art. 7345b, Sec. 9. The City regularly caused the property to be sold to Amos H. Reeve by a deed dated May 1, 1945, and the proceeds were divided properly between the City, the County, and the State. On May 18, 1945, Reeve sold to J. L. Moak, and the latter conveyed the land to Newman C. Slatten about a year later. Neither Reeve, Moak, nor Slatten is connected with the Hurleys. Their only connection with the title is by purchase from the taxing units and the conveyances from one to the other. Tenants of the Hurleys had continued to occupy the property from the time of the tax judgment (November 22, 1939) until it was sold to Reeve.

The present suit was filed in 1946 by the State for itself and in behalf of the County against Reeve, Moak, Slatten, and the City for state and county taxes for 1938 through 1945. The state sought money judgments against the defendants for taxes assessed during the time they severally owned the property, and foreclosure of asserted tax liens. The district court denied the State a recovery and taxed it with the costs. The Court of Civil Appeals reformed the judgment to allow the State recovery of 8/12ths of the 1945 taxes, being for that portion of the year after Reeve had bought the property, and, as so reformed, affirmed the judgment. See Art. 7151, R. S.

The taxes the State sues to recover are: (1) taxes for 1938, which were delinquent at the time of the 1939 judgment; (2)

taxes for 1939 through 1941, which had accrued before the foreclosure sale; (3) taxes for the two-year statutory redemption period ending October 7, 1943; and (4) taxes while the title was held by the City after the redemption period had expired.

■■ (1) *As to the 1938 taxes.* The 1938 taxes were not included in the judgment of November 22, 1939, although they were then delinquent. Nevertheless, the title which passed by the foreclosure sale made pursuant to the judgment was free and clear of the lien and claim for the 1938 taxes. The statute states as much:

"The purchaser of property sold for taxes in such foreclosure suit shall take title fee and clear of all liens and claims for ad valorem taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit, or which had been served with citation in said suit as required by this Act. * * *" Art. 7345b, Sec. 10, as amended Acts 1941, Ch. 534, Sec. 1.

The State and the County were parties to the tax suit, and a sale under foreclosure in the suit operated, under the circumstances here, to extinguish completely their claims for taxes which had become delinquent at the time the judgment was rendered. As against a claim of its unconstitutionality, this provision was implicitly upheld in Mexia Independent School Dist. v. City of Mexia, 134 Texas 95, 133 S. W. (2d) 118, 134 A. L. R. 1277, and Pearsall Independent School Dist. v. Widner (Tex. Civ. App.) 136 S. W. (2d) 647. The reasoning in the Mexia case applies, in large measure, here.

There is a provision in the 1939 judgment that it was without prejudice to further claims of the litigating taxing units for taxes not enumerated in the judgment. To the extent that this may be considered an effort to abrogate the effect of the section of the statute giving a purchaser at a tax foreclosure sale a title clear of claims for delinquent taxes due taxing units which were parties to the suit, this provision in the judgment is a nullity. It is wholly ineffectual to save the State's claim to a lien against this property for the 1938 taxes. Grant v. Ellis (Tex. Com. App.) 50 S. W. (2d) 1093.

■ (2) *As to the taxes for 1939 through 1941.* The judicial sale under the 1939 tax judgment was not made until October 7, 1941. It is urged that the State and the County had a claim and

lien for taxes accruing for 1939 through 1941. It has been noted that the City bought in the realty at the foreclosure sale and, in law, held the title for the State, the County and itself in proportion to the recovery the judgment awarded to each taxing unit. It is quite true that taxes continued to accrue against this property after the decree of foreclosure. And so taxes did fall due for the years embraced in the period now under consideration. But when the property was acquired by the taxing units at the judicial sale October 7, 1941, under an application of the general doctrine of merger it must be held that the liens of the bodies politic which were parties to the suit were merged into the title they acquired. See 61 C. J., Taxation, sec. 1215; 51 Am. Jur., Taxation, sec. 1074; Childress County v. State, 127 Texas 343, 92 S. W. (2d) 1011; State v. Locke, 29 N. M. 148, 219 Pac. 790, 30 A. L. R. 407; Armstrong Products Corp. v. Martin, 119 W. Va. 50, 192 S. E. 125, 111 A. L. R. 1229. The following well-put statement of the applicable rule appears in Childress County v. Schultz (Tex. Civ. App.) 199 S. W. (2d) 860, 863, a case involving, among others, almost precisely the point here under examination:

"It is a general rule of law that when one acquires a fee simple title to land, all prior liens and inferior titles or interests owned by him are merged into the superior title unless a different intention is shown, and we conceive of no reason why the general rule should not be applied in a case like this.

The conclusion follows that the liens for taxes held by the State and the County for 1939 through 1941, were, as a matter of law, merged into the title acquired by the taxing units on October 7, 1941.

■ (3) *As to taxes claimed for the redemption period ending October 7, 1943.* The following provision occurs in Section 12 of Article 7345b:

"In all suits heretofore or hereafter filed to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns; but whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem * * *."

(The basis of the redemption is next stated in detail, but that feature is not important here.)

It will be observed that under the statute the Hurleys, defendants in the tax foreclosure of 1939, rightfully remained in possession of the property in suit until two years after the date of the foreclosure sale. See Garcia v. Aycock (Tex. Civ. App.) 203 S. W. (2d) 982, error refused. Up until the expiration of that period, the Hurleys, or anyone having an interest in the property, their heirs, assigns or legal representatives, could have redeemed the title by making an appropriate payment, and thus could have effectually extinguished the rights of the City, County and State as purchasers at the foreclosure sale. On the other hand, in the absence of an adequate tender the rights of those entitled to redeem automatically and instantly expired at the end of the redemption period. An enlightening statement of the rights of the parties in these situations is advanced in Blackwell, Tax Titles, 5th ed., sec. 964:

"When a deed has issued, but there is still some right of redemption outstanding, the purchaser has an estate on condition. The deed, however, does not always carry absolute title; there may be a right of redemption still outstanding * * *. In several of the States, * * * a deed is immediately executed and delivered to the purchaser, conveying to him a present estate, with a redemption clause annexed.—In each of these instances the estate may be said to be granted in praesenti, but liable to be defeated upon a compliance with the redemption laws by those who formerly owned the estate. If no redemption is made within the time and in the manner prescribed by the statute, the estate becomes ipso facto discharged of the condition; if the sale is redeemed from, the estate of the tax purchaser is defeated. Until a redemption takes place, the grantee under the tax sale (after the delivery of the deed to him) may be regarded as the owner of the estate, at least so far as strangers are concerned."

Now the title acquired by the taxing units at the foreclosure sale and the rights of those having the privilege of redemption are, it is readily seen, quite separate and distinct. The rights of those entitled to redeem expired by failure to make a timely and adequate tender. The only interest in the land now extant is that acquired by the taxing units and conveyed by them to Reeve. There is no statute warranting the fixing of a lien against the land for taxes during the time it was held by these taxing units, and the contention advanced by the State that taxes accrued against the property while

**328**

thus, in effect, held by the sovereign has been emphatically rejected by the courts. This principle is fully reasoned in the following authorities: City of Austin v. Sheppard, 144 Texas 291, 190 S. W. (2d) 486, 162 A. L. R. 1116; Childress County v. State, supra; State v. Stovall (Tex. Civ. App.) 76 S. W. (2d) 206, error refused; State v. Locke, supra. This point is overruled.

■ (4) *As to taxes after the redemption period and before the sale to Reeve.* The property was exempt from taxation while held by the City for the State, the County and itself, as was pointed out in the foregoing discussion. Consequently, no taxes accrued during this period.

■ The judgment of the district court improperly taxed the costs of court against the State in violation of Article 7333, R. S., which reads: "In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor."

The provision as to costs was inadvertently inserted in the trial court's judgment, according to counsel who drafted it. The attempt, in disregard of this statute, to fix upon the State a liability for these costs was a nullity and may be disregarded. Grant v. Ellis, supra.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 7, 1948.

No motion for rehearing filed.