**THOMPSON et al. v. DOBBS.**
**No. 15188.**

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 17, 1950.

Phillips, Walker & Ludlum, Edwin T. Phillips, Jr., and Joe Day, Jr., all of Fort Worth, for appellants.

Clark & Clark, of Fort Worth, for appellee.

HALL, Justice.

Appellee J. F. Dobbs instituted this suit in trespass to try title and for damages to Lot No. 1, Block No. 96, Old Town Addition to the City of Arlington, Tarrant County, Texas, on May 23, 1949, against his four children and one grandchild, son of a deceased daughter.

Appellant Marie Dobbs Thompson, one of the daughters, joined by her husband, specially plead several statutes of limitation, and, in the alternative, that she have judgment for amount of taxes paid and for expenditures on improvements which she made in good faith.

Other defendants answered by way of general denial, etc., which is not material to this appeal.

The trial court, without the intervention of a jury, filed its findings of fact and conclusions of law, based upon the testimony, and rendered judgment granting appellee and appellant Marie Dobbs Thompson each an undivided one-half interest in said property, and ordered the property sold. The court denied appellee recovery for damages and denied appellants recovery for their alleged improvements and taxes. Appellee does not complain of the judgment of the trial court.

The first of appellant's three points is directed to error of the trial court in refusing to grant appellant judgment under the five year statute of limitation, Vernon's Ann.Civ.St. art: 5509.

A brief resume of ownership and possession of the land in controversy is: That appellee J. F. Dobbs and wife, father and mother of appellant Marie Dobbs Thompson, purchased the property on August 11, 1920 and used the same as their homestead until 1925, when appellee ceased to reside there. His wife remained in possession of the home until her death on October 26, 1947. Appellant Marie Dobbs Thompson lived with her mother during these years; in the meantime she married and had two children of her own, all of whom lived in said house. No taxes were paid on this homestead from 1925 until June 4, 1946, when the Arlington Independent School District, for itself and other taxing authorities, executed a warranty deed to appellant Marie Dobbs Thompson, cancelling the taxes to that date:

██ When there is evidence sufficient to raise the issue of fact whether possession is adverse, the issue of limitation is for the trier of the facts to decide. See cases cited on this point in Nelson et al. v. Morris et al., Tex.Civ.App., 227 S.W.2d 586, refused, n. r. e.

Appellant's theory of her establishing a right to the property under the five year statute of limitation is as follows: She admits that the tax judgment of foreclosure rendered on April 9, 1941, did not purport to make appellee a party to the suit but merely sued Mrs. J. F. Dobbs, a widow. On April 7, 1942, a tax deed was executed by the Constable of Tarrant County to the School District, and filed for record on April 23, 1942. Appellant says however, that two years from this last date (redemption period), to-wit, April 23, 1944, limitation started running against appellee in favor of the School District through its tenants, to-wit, appellant and Mrs. J. F. Dobbs, and that limitation title was perfected under the five year statute on April 23, 1949, exactly one month prior to the filing of this law suit by appellee; that the land and premises were only suitable for the purposes of habitation.

Against appellant's contention appellee defends judgment of the trial court in refusing to grant appellant judgment based upon the five year statute of limitation, first, that the title to the property in 1920 was taken in the name of appellee; there had been no change in the nature of the apparent possession of the property; that appellant did nothing to put him on notice that she was claiming ownership of his property other than to continue living in the house with Mrs. Dobbs; that since he was not sued for the taxes, the deed which the School District executed to Marie Dobbs Thompson was not in his chain of title; that such tax suit was void as to his one-half of the property; that during the period of time when title of one-half of the property was in the School District, subject to redemption, that the School District did not rent the property to appellant; that failure to pay the pro rata assessment of the 1946 taxes before delinquency was fatal to appellant's five year statute of limitation claim, in that she paid these taxes on May 31, 1947, four months after delinquency, which was undisputed by appellant. He cites for authority State v. Moak, Tex.Civ.App., 207 S.W.2d 893, affirmed 146 Tex. 322, 207 S.W.2d 894; Articles 5509 and 7151, Vernon's Ann.Civ. St.

Pertaining to this question, in its findings of fact the court found: "* * * On April 7, 1942, a tax deed was executed by the Constable of Tarrant County, Texas,

to said School District. Following the expiration of the two year statutory redemption period, Arlington Independent School District, made no effort to obtain possession of the premises or collect rents thereon from any of the Dobbs family.

"5. Plaintiff's wife, Josie Ann Dobbs, died October 26, 1947. Although separated, they were never divorced. At the time of her death, Josie Ann Dobbs was still living in the house, along with defendants, Chester E. Dobbs, and Marie Dobbs Thompson and her family.

"6. On June 13, 1946, Arlington Independent School District, for itself and as trustee for the other taxing authorities, executed a warranty deed to Marie Dobbs Thompson, showing payment of $607.50. After execution of the deed, there was no change in possession of the property, the parties just above mentioned remaining in possession."

■ . We have carefully read the testimony pertaining to appellant's claim to establish title by statutory limitation of five years, and find the above facts as set out by appellee and in the court's findings to be supported by the record. It is our duty to uphold the court's finding upon such state of facts, and overrule appellant's point one.

Appellant's point two is: "The error of the Court in its seventh finding of fact to the effect that the evidence of the value of the improvements made by defendant is too 'inconclusive and uncertain' to support a finding thereon by the Court is against the overwhelming weight of the evidence."

■ Substance of this point is that appellant's testimony is sufficient and uncontradicted as to expenditures which she made on the premises. If we find the evidence contradicted, even though sufficient, then it is our duty to support the trial court's judgment.

■ We do not find the trial court abused its discretion in passing upon this testimony and in finding that appellant's testimony relative to her improvements made on the place is too "inconclusive and uncertain" to support a finding thereon.

Appellant Mrs. Thompson testified when she bought the place in 1946 it was in poor condition, that she practically rebuilt the house inside and outside, but did not testify that she paid for same. She plead that she had expended some $4959.09 in improving the property, as shown by itemized exhibit attached to her pleadings. Her husband, Mr. Thompson, testified as to the amount of work done on the place by him and others but he did not know who paid for the improvements. He testified he was drawing $50.00 a week and it took practically that much for him to support his family; he did not know whether his mother-in-law, Mrs. Dobbs, paid for most of it out of some money which she received from the death of one of her boys occurring while in service of the U. S. Government. He further testified he compiled the list of expenditures set out in their exhibit by estimates. Appellee objected to this line of testimony and asked for exhibit of the receipts. Mr. Thompson also testified that the rental value of the property would be approximately $45 per month.

We do not find the uncontradicted evidence in compliance with Articles 7393, 7394, 7395 and 7396, R.C.S., which set out the way and manner to establish recovery for valuable improvements made in good faith, less the value of rents. The testimony is lacking in proof as to the value of the improvements made at the time of trial or as to how much appellant actually paid out of her own funds for necessarily improving this property; neither is the evidence sufficient to recover for necessary valuable improvements under the law as as a co-tenant. This point is overruled.

Appellant's third point is as follows: "The error of the Court in not allowing the defendant reimbursement for the purchase money paid to obtain said premises and the taxes paid thereon from the period 1946 through 1948, such sums having been paid in good faith with the belief that defendant held good title to the property."

■ Appellant admits the tax sale was void as to appellee's one-half interest in the property. When she bought her mother's one-half interest from the School District she was presumably paying the price she

thought the one-half interest was worth. Not being a co-tenant with her father prior to such purchase, she is not subrogated to the tax lien as such. Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847.

■ However, after appellant purchased her mother's interest she became a co-tenant with her father and as to any tax paid thereafter she would be entitled (subject to her complying with statutory regulations) to recover for one-half of same against her co-tenant. Appellant testified and introduced in evidence tax receipts wherein she had paid a total sum of $62.19 since she purchased the property. The trial court did not make a finding of fact or conclusion of law as to this particular evidence. However, it is possible that the trial court took into consideration, while denying appellant the right to recover one-half of such taxes, the rental value of the property of $45.00 per month. This part of the proceeding being in the legal form of a partition suit, the court is in a position to adjust equities.

Finding no reversible error, the judgment of the trial court is affirmed.