

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 24, 1953

Hon. Bryan F. Russ
County Attorney
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. S-71

Re: Obligation of taxing units to pay sheriff's fees for service of citation in suits against non-resident delinquent taxpayers.

You request the opinion of this office on three questions as follows:

"(1) Is the State of Texas, or any taxing unit, required, in bringing tax suits against non-resident delinquent taxpayers, to pay fees for the service of citations on such non-resident defendants?

"(2) Could such out of county sheriffs require or demand of the State of Texas, or any taxing unit, bringing such tax suits, payment, in advance, for their fees in the service of citations on defendants residing in their counties before making their official returns thereon to the court trying such cases?

"(3) If you should answer the foregoing questions to the effect that such fees are required to be paid in advance to such out of county sheriffs, then please advise what provision is made, or out of what fund, should such payment be made, and by what authority?"

In this connection you submit the following statement:

"The Commissioners Court of Robertson County, Texas, joined by the State of Texas, acting by and through the State Comptroller and Attorney General, entered into contract with a local attorney for the purpose of collecting taxes due on the delinquent rolls of said county, and if necessary, to institute and prosecute suits against delinquent taxpayers to enforce payment thereof. The attorney has instituted suits for that purpose, and in connection with his duty therein it became necessary for him to have the district clerk to issue and mail citations to

out of county sheriffs to be served on non-resident de-
fendants in such suits. Several of such sheriffs have
demanded payment of fees in advance for service of
such process before mailing their returns into court.
Under the law, and rules promulgated by the Supreme
Court, such citations, with returns thereon, must be on
file in such courts certain number of days before a de-
fendant is required to appear and answer thereto, or de-
fault judgment may be taken. The refusal of such officers
to make their returns on such citations without being paid
their fees in advance has thwarted the efforts of the State
of Texas and other taxing units in obtaining judgments in
such tax suits."

The collection of delinquent ad valorem taxes is exclu-
sively statutory except as governed by the Rules of Civil Procedure.
The answer to your first and second questions is found in the explicit
terms of the statute and the Rules of Civil Procedure. There are cer-
tain statutory provisions which must be observed. For example, Ar-
ticle 2072, V.C.S., provides in part as follows:

"No security for costs shall be required of the
State or of any incorporated city or town in any action,
suit or proceeding, . . ."

Article 7333, V.C.S., dealing specifically with costs in
delinquent tax suits, provides as follows:

"In each case such fees shall be taxed as costs
against the lands to be sold under judgment for taxes,
and paid out of the proceeds of sale of same after the
taxes, penalty and interest due therein are paid, and in
no case shall the State or county be liable therefor ex-
cept that where the State or other taxing unit is the suc-
cessful bidder at the tax sale, all charges due newspa-
pers for the publishing of citations and notices of sher-
iff's sale shall be paid by the county and State and other
taxing units in proportion to taxes adjudicated to each."

This provision of the statute comprehends all the fees set
out in Article 7332, including the $2.50 fee allowed to sheriffs and con-
stables for service of process in counties other than the one in which
suit is pending. It is observed that it specifically provides that all fees
shall be taxed as costs against the land to be sold under judgment for
taxes and is to be paid out of the proceeds of the sale after the taxes,
penalty and interest due are paid. The Supreme Court in the case of
State v. Moak, 146 Tex. 322, 207 S.W.2d 894 (1948) said:

"The judgment of the district court improperly taxed the costs of court against the State in violation of Art. 7333, R.S., . . .

". . .

"The attempt, in disregard of this statute, to fix upon the State a liability for these costs was a nullity and may be disregarded."

It would be within the province of the Legislature, if it so desired, to require the sheriff or constable to serve process in delinquent tax suits without the payment of any fee and certainly it is within the province of the Legislature to fix the time and manner of paying such fees taxed as costs to the sheriff or other officers in delinquent tax suits. The sheriff would have no authority to refuse to serve process contrary to the explicit demands of the Legislature such as is embodied in Articles 2072 and 7333, V.C.S., supra.

We direct your attention to Section 1 of Rule 117a of the Rules of Civil Procedure pertaining to citations in delinquent tax suits. This rule is as follows:

"Where any defendant in a tax suit is a resident of the State of Texas and is not subject to citation by publication under subdivision 3 below, the process shall conform substantially to the form hereinafter set out for personal service and shall contain the essential elements and be served and returned and otherwise regulated by the provisions of Rules 99 to 107, inclusive."

It is observed that Rules 99 to 107, inclusive, are expressly made applicable to delinquent tax suits. Rule 105 is comprehended within this provision. It is as follows:

"The officer to whom process is delivered shall indorse thereon the day and hour on which he received it, and shall execute and return the same without delay." (Emphasis added.)

You are therefore respectfully advised that the sheriff is required to execute and make return of all necessary process in delinquent tax suits without the payment of fees in advance and is relegated to the requirements of the statute as to the time and manner in which his fees may be collected. Therefore, questions one and two submitted by you are answered in the negative. Number three requires no answer.

Hon. Bryan F. Russ, page 4 (S-71)

## SUMMARY

A sheriff or constable may not require the payment of fees in advance for executing and returning process in delinquent tax suits. Article 7333, V.C.S., requires such fees to be taxed as costs against the land and paid out of the proceeds of the sale. Under Rule 105 of the Rules of Civil Procedure, the sheriff is required to make return without delay.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

Willis E. Gresham
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

By L. P. Lollar
Assistant

LPL:mg