Edwin Lee **BURKHOLDER,** Appellant,

v.

**KLEIN INDEPENDENT SCHOOL DISTRICT,** et al., **Appellees.**

No. 13–93–420–CV.

Court of Appeals of Texas, Corpus Christi.

March 2, 1995.

J. James Luck, Houston, for appellant.

Ronald B. Pruitt, F. James Wunderlich, Houston, Richard S. Hill, Valerie B. Ueckert, Asst. County Attys., Houston, for appellees.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Edwin Lee Burkholder, judgment defendant in a delinquent tax suit, filed a petition for redemption of property sold pursuant to a tax sale.[1] The trial court, after considering recommendations made by the Tax Master before whom the petition was heard, dismissed the case for want of jurisdiction. By three points of error, appellant complains that the trial court erred by ruling that it had no jurisdiction to grant the requested relief, by refusing to timely grant an expedited jury trial, and by ordering the issuance of a writ of possession to a subsequent assignee of the purchaser at the tax sale.

On March 24, 1988, Klein Independent School District (KISD) filed suit in the 215th District Court of Harris County under cause number 88–16238 against appellant Burkholder and his wife for delinquent ad valorem taxes and for judicial foreclosure of a lien imposed upon real property owned by appellant. Harris County intervened in the suit. The district court referred the case to the Tax Master who, after a hearing held on April 10, 1990, recommended that judgment be rendered in favor of appellees, KISD and Harris County. On April 17, 1990, the district court granted judgment to KISD in the amount of $1,851.79,[2] together with interest on the judgment at the rate of ten percent per annum from the date of judgment until paid, attorney's fees in the amount of $68.57, and court costs in the amount of $100. The court granted judgment to Harris County in the amount of $836.30,[3] together with interest on the judgment at the rate of ten percent per annum from the date of judgment until paid, attorney's fees in the amount of $125.45, and all costs of court. In addition,

1. Tex.Tax Code Ann. § 34.21(a) (Vernon 1992) provides as follows:

   (a) The owner of real property sold at a tax sale may redeem the property within two years after the date on which the purchaser's deed is filed for record by paying the purchaser the amount he bid for the property, the amount of the deed recording fee, and the amount paid by the purchaser as taxes, penalties, interest, and costs on the property, plus 25 percent of the aggregate total if the property is redeemed

   during the first year of the redemption period or 50 percent of the aggregate total if the property is redeemed during the second year of the redemption period.

2. This amount included taxes, interest, penalties, and collection penalties due for the years 1985 through 1989.

3. This amount included taxes, penalties, and interest due for the years 1985 through 1989.

the district court ordered the foreclosure of the first tax lien and the attendant sale of the property, and issued a writ of possession to the purchaser at the foreclosure sale or to its assign. The amount of the judgment that the trial court granted on April 17, 1990 against the Burkholders, including court costs,[4] totaled $4,254.11.

The court-ordered sale was conducted on July 3, 1990, but no bids were received. Consequently, on July 3, 1990, the property was conveyed to KISD and Harris County, as purchasing taxing units, by constables deed.[5] The deed was recorded in the office of the County Clerk of Harris County on August 23, 1990. KISD, on its behalf and as trustee for Harris County, subsequently sold the property at public sale to C & E Drugs Center. The property was conveyed on April 20, 1991. On September 6, 1991, Jerry R. Williams purchased the property from C & E Drugs Center for $18,000. All conveyances were made subject to any right of redemption existing at the time of the tax sale. *See* TEX.TAX CODE ANN. §§ 34.01(d), 34.05(a) (Vernon 1992).

On or about February 7, 1992, appellant attempted to redeem the property by tendering $269.40 to KISD. KISD refused to accept the $269.40 because it was insufficient tender for redemption. On or about March 3, 1992, Harris County also refused to accept the $269.40 because it was insufficient tender for redemption.

On July 22, 1991, appellant filed, under the same cause number of the delinquent tax suit, a "Petition for Excess Proceeds" allegedly due him from the sale of the property. On June 5, 1992, appellant filed an amended claim for excess proceeds and included an alternative claim for redemption of the property.

Appellant's claims were heard by the Tax Master on August 25, 1992. The Tax Master found that appellant's tender was insufficient to redeem the property and that limitations had run on appellant's claim for redemption. The master's report was not signed by the referring district court judge. On September 4, 1992, appellant filed an appeal to the district court from the Tax Master's recommendation for final judgment. The record reflects that a trial date was set for the two-week period beginning February 1, 1993. The record reflects that KISD filed a plea to the jurisdiction on February 3, 1993. On February 5, the district court removed the case from the trial docket and referred it to the Tax Master. On February 16, 1993, the Tax Master held another hearing and issued a second report. The master's February 16, 1993 report denied KISD's plea to the jurisdiction and held that the parties were entitled to a hearing on specific issues raised by appellant's notice of appeal. The master's report denied a requested writ of possession. The master's February 16, 1993 report was "Adopted, Confirmed & Ordered" by the referring district court judge on April 20, 1993.[6]

On March 30, 1993, appellant filed a "Second Appeal of the Tax Master's Recommendation." The district court entered an order on May 21, 1993, sustaining KISD's plea to the jurisdiction. On May 26, 1993, Jerry Williams requested a writ of possession. The district court issued the writ of possession on June 2, 1993.

By his first point of error, appellant contends that the trial court erred by ruling that it had no jurisdiction to grant relief in redemption of real property subsequent to a final judgment ordering a tax sale of the

---

4.  Court costs totaled $272.00.

5.  *See* TEX.TAX CODE ANN. § 34.01(c) (Vernon 1992): If a sufficient bid is not received, the officer making the sale shall bid the property off to a taxing unit that is a party to the judgment for the aggregate amount of the judgment against the property or for the market value of the property as specified in the judgment, whichever is less. The taxing unit takes title to the property for the use and benefit of itself and all other taxing units that established liens in the suit. The taxing unit's title includes all the interest owned by the defendant, including the defendant's right to the use and possession of the property, subject only to the defendant's right of redemption. Payments in satisfaction of the judgment and any costs or expenses may not be required until the property is redeemed or resold by the purchasing taxing unit.

6.  The master's report does not reflect the style or cause number of the case.

property. Appellant does not contest the validity and finality of the judgment and tax sale and he does not assert error concerning his claim for excess profits. Instead, appellant contends that he substantially complied with the requirements of the redemption statute by relying on his interpretation of the constable's deed which, he concedes, does not correspond with the tax judgment.

In particular, appellant complains that the court erred by sustaining KISD's plea to the jurisdiction, yet exercising jurisdiction to issue a writ of possession in favor of Williams. Appellant argues that, since the trial court exercised jurisdiction to issue a writ of possession in aid of judgment "within 20 days after the period of redemption expires," TEX. TAX CODE ANN. § 33.51, the court also retained jurisdiction to determine whether the right of redemption had in fact expired.

Harris County argues that, since the petition for redemption was filed in the same cause number, the petition constitutes a direct attack on the validity of the trial court's April 17, 1990 judgment rendered in the tax suit and that the trial court was without jurisdiction to reopen its judgment to consider appellant's claim for redemption. Alternatively, Harris County contends that appellant failed to tender the statutory amount necessary for redemption of the property in accordance with TEX.TAX CODE ANN. § 34.21.

KISD similarly contends that, while the trial court may exercise its inherent power to enforce its decrees, the issues raised by appellant's claim for redemption do not pertain to enforcement of the judgment. Rather, the alleged claims or rights should have been asserted, if at all, in a separate lawsuit filed within the time allowed by statute. KISD contends that there is no authority for the proposition that a right of redemption may be asserted in the same case and trial court which rendered the original judgment, long after the court's plenary jurisdiction has expired. Thus, KISD argues, the trial court in this case lacked personal and subject matter jurisdiction to hear and decide appellant's petition for redemption.

■ An owner seeking to exercise his right of redemption under § 34.21(a) of the tax code must pay the prescribed amount, and the right to redeem expires if the owner fails to make timely and sufficient tender. TEX.TAX CODE ANN. § 34.21(a) (Vernon 1992). A mere offer to redeem is ineffectual. Failure to timely redeem ripens title to the property in favor of the purchaser or its assigns. *State v. Moak,* 146 Tex. 322, 207 S.W.2d 894, 896–897 (1948); *Rolison v. Puckett,* 145 Tex. 366, 198 S.W.2d 74, 78 (1947); *Reynolds v. Batchelor,* 216 S.W.2d 663, 665–666 (Tex.Civ. App.—Fort Worth 1949, writ ref'd n.r.e.). The burden is on the owner to prove payment or tender of redemption money to either the purchaser of the property or to the tax collector within the two year redemption period before he or she can successfully assert title to the property sold at a tax sale. *See Washington v. Giles,* 258 S.W. 900, 903 (Tex.Civ.App.—Galveston 1924, writ dism'd).

■ At the tax sale, KISD and Harris County (and the subsequent purchasers of the property) took title to the property, including the owner's right to the use and possession of the property, subject only to the owner's right of redemption. TEX.TAX CODE ANN. §§ 34.01(c), 34.05(a) (Vernon 1992).[7] Appellant, as owner, could redeem the property until August 23, 1992, two years from the date the constable's deed was filed of record. Appellant concedes on appeal that the judgment and order of sale acknowledge his statutory right of redemption.

During the second year of the redemption period, appellant tendered $269.40 to KISD. KISD refused to accept that amount because it was insufficient tender for redemption. Harris County also refused the tendered amount because it was insufficient tender for redemption.

Appellant argues that $269.40 was proper tender because it represented the sale price of $174.60 recited in the constable's deed,

---

7. TEX.TAX CODE ANN. § 34.05(a) provides as follows:

(a) If property is sold to a taxing unit that is a party to the judgment, the taxing unit may sell the property at any time, *subject to any right of redemption* existing at the time of sale. (emphasis added).

plus the $5.00 filing fee, and the 50 percent penalty fee required by § 34.21(a). On June 5, 1992, before the end of the two year redemption period, appellant filed a petition for redemption under the same cause number of the delinquent tax suit. Appellant alleged that redemption had been improperly refused by appellees and sought the reclamation of title or, alternatively, the right to recover excess proceeds.

Appellant clearly misinterpreted the constable's deed concerning the consideration paid by KISD and Harris County for the property at the tax sale. The deed reflects that the consideration paid by KISD and Harris County was the satisfaction of the judgment for taxes, penalties and interest, and other charges, plus expenses of the sale. The total amount of the judgment forms, in part, the consideration for the property, plus all costs of court and post-judgment interest at the rate of ten percent per annum. *See* Tex.Tax Code Ann. § 33.53 (Vernon 1992) (court shall order property sold in satisfaction of amount of judgment). The proper amount to legally redeem the property also included the statutory redemption penalty of fifty percent of the aggregate total for redemption in the second year. Thus, appellant's tender of $269.40 was clearly insufficient tender for redemption of the property. Furthermore, we find nothing in the record indicating that the tender was made in good faith or in substantial compliance with the tax code.

Because appellant did not make a sufficient tender for redemption of the property before August 23, 1992, we hold that the trial court did not err in ruling on May 21, 1993 that it had no jurisdiction to consider appellant's petition for redemption. Appellant's first point of error is overruled.

By his second point of error, appellant complains that the trial court erred in refusing to timely grant an expedited jury trial for his appeal from the trial before the Tax Master. For the reasons stated above, we also hold that the trial court did not err in refusing to grant appellant an expedited jury trial. Appellant's second point of error is overruled.

■ By his third point of error, appellant complains that the trial court erred by granting Jerry Williams, the current owner of the property, a writ of possession.

The record reflects that Williams' applications for writs of possession filed during the redemption period were denied. On May 26, 1993, after the two-year period of redemption had expired and after the trial court had dismissed appellant's claim for redemption for want of jurisdiction, Williams again filed a request for a writ of possession. The district court granted Williams' request and issued a writ of possession on June 2, 1993.

The judgment states in relevant part as follows:

> It is therefore, Ordered, Adjudged, and Decreed by the Court as follows:
>
> \*　\*　\*　\*　\*　\*
>
> That a writ of possession issue to the Purchaser at foreclosure sale hereunder, or by its or his assigns, against the parties to this suit, or anyone claiming under any Defendant herein by any right acquired pending this suit, and the officer executing the Writ of Possession by virtue thereof to place the purchaser of such property at such sale, or its or his assigns, in possession thereof, subject to the applicable rights of possession, if any, according to the Laws of the State of Texas.

Appellant argues that Williams' right of possession is subject to appellant's right of redemption. We disagree.

Under prior law, a purchaser at a tax sale could take possession of the property only after the former owner's period of redemption had expired. *See, e.g., State v. Moak,* 146 Tex. 322, 207 S.W.2d 894, 896 (1948); *City of Marlin v. Green,* 79 S.W. 40, 34 Tex.Civ.App. 421 (1904, no writ); *Ryon v. Davis,* 75 S.W. 59, 60, 32 Tex.Civ.App. 500 (1903, no writ). *Compare* Tex.Tax Code Ann. § 33.51 (Vernon 1992) (tax judgment shall provide for the issuance of a writ of possession to the purchaser at the sale or his assigns within twenty days after the period of redemption expires).

In 1989, however, the legislature amended the tax code to permit a purchaser at a tax sale to take possession during the former

owner's redemption period. TEX.TAX CODE ANN. § 34.21(c) (Vernon 1992) (Section 49(e) of act provided that change in law applies only to tax sale held on or after June 15, 1989). TEX.TAX CODE ANN. § 34.21(c) states:

> The right of redemption does not grant or reserve in the former owner of the real property the right to use or possession of the property, or to receive rents, income, or other benefits from the property while the right of redemption exists.

The 1989 amendment was in effect at the time that this tax sale occurred. *See Goggins v. Leo*, 849 S.W.2d 373, 379 (Tex.App.— Houston [14th Dist.] 1993, no writ) (tax code permits purchasers to take possession despite former owner's redemption period).

We find no error in the trial court's decision to grant Williams a writ of possession. Appellant's third point of error is overruled.

We affirm the trial court's judgment.