NUMBER
13-01-260-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

SHERRY A. SINGLETERRY,                                          Appellant,

 

                                                   v.

 

STATE OF TEXAS 

COUNTY OF MONTGOMERY,                                               Appellee.

 

                        On appeal from the
359th District Court 

                              of
Montgomery County, Texas.

 

                                   O P I N I O N

 

           Before Chief Justice Valdez and
Justices Yañez and Wittig[1]

                                   Opinion by
Justice Wittig             

                                                                                      








Sherry Ann
Singleterry, pro se, appeals a post answer default judgment.  In three issues, she attacks the trial court=s failure to
grant her motion for new trial for lack of actual notice of a trial setting,  the failure of the
court reporter to mark and file evidence, and she challenges the qualifications
of the trial judge to render judgment. 
We will affirm.

   I

As best we can
reconstruct the record, appellant filed several appearances in the underlying
delinquent tax suit.  In her letter to
the District Clerk dated May 22, 2000, appellant requested Aadvise me of any
court date@ and AIf I am needing
to appear concerning this matter.  Please
mail it to: Sherry Singleterry, 9221 Pagewood, #299, Houston, TX 77063.@  Appellees, the State of Texas, County of
Montgomery and Conroe I.S.D., sent notice of the trial setting to appellant, at
her Pagewood address as instructed by appellant.  Appellant apparently moved, and though she
states she notified the post office to forward her mail, she did not notify the
District Clerk or opposing counsel of her new address.   The post office returned the notification of
the trial setting and  marked the envelope AMoved left no
forwarding address.@  After a trial to the bench, judgment was
signed by the assigned senior district judge, Lee Alworth.  Judge Alworth was properly assigned by the
Second Region Administrative Judge, Olin Underwood by order dated December 20,
2000, to the 359th District Court of Montgomery County.  Further factual background information will
be developed as necessary to address and analyze appellant=s issues.

              II








Appellant first
argues she was denied due process under both the Texas and United States
Constitutions.  She cites Peralta v.
Heights Med. Ctr., Inc., 485 U.S. 80 (1988).  That case principally held that no
meritorious defense is necessary when no service of process is shown.  Id. at 86-87.  A[I]t seems obvious
that had a meritorious defense been shown, and the allegations on service and
notice found to be true, the offending judgment would have been vacated.@  Id. at 86.  However, Peralta assumed, there was no
proper notice.  Id.  Unlike Peralta, appellant was notified
of the trial setting in accordance with the applicable rules of procedure and
her own instructions.[2]  Her complaints about the notice procedures
were presented to the trial court and denied. 
Additionally, appellant has a legal remedy.  Appellant has a right of redemption to her
property.  A property  owner may exercise her right of
redemption under section 34.21(a) of the tax code by paying the prescribed
amount.  Tex. Tax Code Ann. ' 34.21(a)
(Vernon 2001); see also Burkholder v. Klein Indep. Sch. Dist., 897
S.W.2d 417, 420 (Tex. App.BCorpus Christi
1995, no writ).  We cannot find in
appellant=s pleadings or
the record that appellant denies owing the underlying taxes.  To the contrary,  she argues her difficulty in tendering
payment for the past due taxes and attorney=s fees.[3]  In other words, appellant is authorized to
reclaim her property by paying the undisputed past due taxes, attorney=s fees and
prescribed costs,  thus
redeeming her Montgomery County lot.[4]  Accordingly, her complaint is not of
constitutional dimension.








          Next appellant argues  Strawder v. Thomas, 846
S.W.2d 51, 62 (Tex. App.BCorpus Christi
1992, no writ), holding rules relating to service of process are mandatory, and
a failure to comply renders a judgment void. 
However, the opinion also notes a party may waive service of citation or
appear voluntarily.  Id.  Because appellant voluntarily appeared, she
waived further service of citation.

Finally,
appellant argues it is impermissible in a default judgment to render judgment
for damages in excess of the damages specifically pleaded, citing Capitol
Brick, Inc. v. Fleming Mfg. Co. Inc., 722 S.W.2d 399, 401 (Tex. 1986).  Though this is an accurate statement of law,
the argument is inapplicable.  Damages
were not awarded in excess of an amount pled. 
The judgment was limited to the amount of taxes past due and owing, plus
statutory fifteen per-cent attorney=s fees.

III








We believe
appellant=s first issue
fails for three reasons.  First, before a
pleading or notice can be mailed, the receiving party must  provide a proper mailing address.  Kelly v. Demoss Owners Ass'n, 71
S.W.3d 419, 424 (Tex. App.BAmarillo 2002,
no pet.).  Rule 21a provides for
alternative methods of service and notice, including United States mail.  Tex.
R. Civ. P. 21a.  Counsel for
appellees properly followed this rule and mailed the notice of setting to
appellant at her designated Pagewood address. 
Under  Rule
57, the address of a pro se party or the attorney must be stated in the
pleadings.  Tex. R. Civ. P. 57. 
Rule 79 requires that a petition state the residences of the
parties.  Tex. R. Civ. P. 79. 
Addresses of attorneys and pro se parties are essential because they
furnish the opponent an address "to which copies of later pleadings and
motions may be sent."  Kelly,
71 S.W.3d at 424. 
As far as we are able to determine, these rules of procedure were
followed except that appellant failed to notify the court or parties she
changed addresses.  And because the trial
judge also denied appellant=s motion for
new trial, we must assume he 
found appellant=s contentions
without merit.[5]  In re R.D.C., 912 S.W.2d 854, 857
(Tex. App.BEastland 1995,
no writ).








Regarding
appellant=s due process
argument, notice of dispositive settings by first‑class mail is constitutionally
sufficient, as long as the party acts reasonably under the circumstances, even
if the intended recipient of the notice never receives it.  In re Eagle Bus Mfg., Inc., 62 F.3d 730,
735 (5th Cir. 1995) (in bankruptcy proceeding, notice by first class mail to
creditors notifying them of bar date for proof of claims met due process
requirements; question was not whether notice was received but whether it was
properly mailed); Farhoud v. INS, 122 F.3d 794, 796 (9th Cir. 1997)
(notice of deportation proceeding by first‑class mail to last known
address held sufficient); Weigner v. City of New York, 852 F.2d 646, 650
(2d Cir. 1988) (notice of tax foreclosure action sent by first‑class mail
satisfied due process).   The two Houston
courts of appeals have split on this issue. 
In Transoceanic Shipping Co., Inc. v. Gen. Universal Sys., Inc.,
961 S.W.2d 418, 419 (Tex. App.BHouston [1st
Dist.] 1997, no writ),  the court held
that default judgment was improper because the record showed that counsel did
not receive notice.   That holding is
distinguishable, because the opinion does not reflect, as here, that appellant
specifically requested notice to a certain address, namely Pagewood.  The other Houston court noted that there is
no error "apparent from the face of the record" when the trial court
or clerk fully complies with 
Rule 245 by mailing notice of the trial setting to appellant's
attorney of record at his last known address. 
Withrow v. Schou, 13 S.W.3d 37, 41 (Tex. App.BHouston [14th
Dist.] 1999, pet. denied).  That court
further noted that neither Rule 245 nor the due process clause
absolutely require actual notice of a trial setting.  Id.

Finally,
invited error is an equitable doctrine which prohibits a party from acting in a
way that misleads a trial court into committing error.  See Gen. Chem.
Corp. v. De La Lastra, 852 S.W.2d 916, 920 (Tex.1993).  Accordingly, because appellant did not
withdraw her specific instruction to the court to send all notices to her
Pagewood address, or furnish the court and parties any other address, she
cannot complain on appeal that the trial court erred in proceeding to trial
when notice was sent in accordance with her explicit instructions and the
applicable rules of procedure.  We find
appellant=s first issue
to be without merit.

IV

In her second
issue, appellant seems to complain of an alleged failure of the court reporter
to mark and file exhibits.  She does not
direct us to any place in the record where the reporter refused or failed to
mark or file exhibits.  See Tex. R. App. P. 38.1(f), (h).  To the contrary, the record affirmatively
shows both tax statements and an affidavit of attorney=s fees
sufficient to support the judgment.  The
final judgment itself reflects a prima facie case was established by the
evidence.  Appellant=s second issue
is overruled.

  V








Finally,
appellant argues ARetired judge
did not met procedural requirement to sit as an assigned judge.@ [sic] She cites Buckholts I.S.D. v Glaser, 632 S.W.2d
146, 148 (Tex. 1982).  It is true Buckholts
observes by way of dicta, any order involving judicial discretion by a
constitutionally disqualified judge is "absolutely void," or "a
nullity."  Id. Buckholts
held a resident judge should not hear a bond election contest but the error was
not fundamental and was waived.  Id.  AThe correct
procedure was to file a motion to recuse.@  Id. 
Here, appellant filed neither a motion to recuse nor an objection to the
assigned senior district judge.  We
already noted the record affirmatively reflects the proper assignment of Judge
Alworth by Judge Underwood.   Tex. Gov=t Code Ann.  ' 74.056 (Vernon 2001).  
Appellant=s third issue
is overruled.

The judgment of
the trial court is affirmed.

 

DON WITTIG

Justice

 

 

 

Do not publish.  

Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 12th day of
December, 2002.











[1]Retired
Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t code
Ann. ' 74.003 (Vernon 1998).





[2]
We also observe LBL Oil Co. v. Int=l
Power Servs., Inc., 777 S.W.2d 390 (Tex. 1989), holding
there was a denial of due process where there was no actual or constructive
notice of a dispositive motion.  The case
sub judice presents a case of constructive notice as amplified in the
opinion.





[3]
Appellee correctly notes that appellant alludes to post judgment matters that
are not properly raised as issues before this court.  We assume without deciding, that counsel for
appellees would not refuse a proper tender, in violation of the law of
judgments and the Tax Code.





[4]  We note the time limitation of redemption
rights to be two years.  See Tex. Tax Code Ann. ' 34.21(a) (Vernon 2001).





[5]  We treat the trial court=s
granting of appellee=s objections to
the motion for re-hearing as effectively denying appellant=s
motion for new trial.