MEMORANDUM OPINION

No. 04-04-00554-CV

J.A. GUAJARDO a/k/a Joseph A. Guajardo,
Appellant

v.

The STATE of Texas, County of Bexar, City of San Antonio, 
and San Antonio Independent School District,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-04876
Honorable David Peeples, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:   February 2, 2005

REVERSED AND REMANDED

            Appellant, J.A. Guajardo, asserts the trial court erred in denying his bill of review on the
ground that he did not have a meritorious defense. We hold appellant established a prima facie
meritorious defense, satisfying the first element of a bill of review. Accordingly, we reverse the trial
court’s order and remand the cause for further proceedings. 
 
BACKGROUND
            On March 27, 1991, appellees filed suit against Wild Horse Canyon Development Company
(“Wild Horse”) to recover delinquent taxes owed for 1989 through 1990 on real property owned by
Wild Horse. On March 24, 1993, a judgment was entered against Wild Horse that included taxes
owed through 1992. In November 1996, the property was posted for a tax sale. Because the
minimum bid was not received, the property was “struck off”


 to Bexar County for the recited
consideration of $13,652.13, which represented the amount of “taxes, interest, penalty and cost due
upon such property.” The deed was executed on November 19, 1996 and it conveyed all title in the
property to Bexar County. The deed recites the $13,652.13 bid was for an “equal or greater sum than
the adjudged fair value of such property, or equal or greater than the taxes, interest, penalty and costs
due upon such property.” On November 18, 1997, the Bexar County Commissioners Court approved
a motion to sell the property pursuant to Texas Property Tax Code section 34.05, which permits real
property to be sold by a taxing unit without a minimum bid. See Tex. Tax Code Ann. § 34.05 (b)
(Vernon 2001). Pursuant to this order, the property was sold to appellant for $2,100.00 and a deed
was executed on January 21, 1998. 
            On November 14, 2000, appellees filed a second suit to recover delinquent taxes assessed
for 1993 through 1996 in the amount of $15,974.61 on the same property. These taxes accrued
between the time the original judgment was entered against Wild Horse and the time the property
was deeded to the County after the sheriff’s sale. The suit named appellant as the sole defendant. 
            On January 31, 2001, appellant filed a general denial and the case was set for trial on April
25, 2001. On April 25, the trial was continued. Appellant did not appear at the rescheduled trial
and, on June 1, 2001, a final default judgment was entered against appellant for the ad valorem taxes
accruing from 1993 through 1996 in the amount of $13,042.98. Appellant subsequently filed a bill
of review on April 1, 2002, alleging he was not given notice of the reset trial date and he did not owe
the taxes because the tax liens had been extinguished. The parties agreed to bifurcate the trial of the
bill of review issues, proceeding on the first issue of whether or not the appellant presented prima
facie proof of a meritorious defense. After a hearing, the trial court held appellant did not have a
meritorious defense and the bill of review was denied. 
APPLICABLE LAW
            A bill of review is an equitable proceeding by a party to a former action who seeks to set
aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. 
Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979). A bill of review complainant must file a
petition that alleges “factually and with particularity that the prior judgment was rendered as the
result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his
own negligence.” Id. at 408. The bill of review complainant must further allege with particularity,
sworn facts sufficient to constitute a defense and, as a pretrial matter, present prima facie proof to
support the contention. Id. 
            A prima facie meritorious defense “is made out when it is determined that the complainant’s
defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no
evidence to the contrary is offered.” Id. at 409. This is a question of law for the court. Id. In
making its determination, the court may consider discovery documents, affidavits, and such other
evidence that the court admits in its discretion. Id. The bill of review defendant may also present
proof, but is limited to showing that the meritorious defense is barred as a matter of law; any factual
questions arising out of factual disputes are resolved in favor of the complainant at this preliminary
stage of the proceeding. Id. If the trial court determines a prima facie meritorious case has not been
presented, the court shall dismiss the case. Id. If a prima facie meritorious defense has been shown,
the court will conduct a trial to determine the merits of the bill of review. Id. If the complainant
satisfies this burden, the underlying controversy between the parties is retried. Id. Because the
inquiry of whether a bill of review complainant has presented prima facie proof of a meritorious
defense is a question of law, we review the trial court’s decision on this issue de novo. Mosley v.
Dallas County Child Protective Services Unit of the Texas Dept. of Protective and Regulatory Servs.,
110 S.W.3d 658, 661 (Tex. App.—Dallas 2003, pet. denied). 
MERITORIOUS DEFENSE
             On appeal, appellant asserts the trial court erred in denying his bill of review because he
maintains a meritorious defense. At the bill of review hearing, appellant relied on the merger
doctrine as his defense. Appellant asserted that under this doctrine, the lien for the taxes accruing
from 1993 to 1996 merged into the title the County acquired when it obtained the deed from the
sheriff’s sale. According to appellant, this merger resulted in the extinguishment of the tax liens. 
Appellant based his merger defense on the Texas Supreme Court’s holding in State v. Moak, 207
S.W.2d 894 (Tex. 1948). In Moak, the Court held that when property was acquired by taxing units
at a judicial sale, “under an application of the general doctrine of merger, it must be held that the
liens of the bodies politic which were parties to the suit merged into the title they acquired.” Id. at
896. 
            Appellant presented evidence of the following sequence of events. First, a sheriff’s tax sale
was conducted in 1996 for the 1993 judgment against Wild Horse. When the sale did not obtain the
minimum bid, the property was deeded to Bexar County. The deed conveyed all title in the property
to Bexar County and recites the $13,652.13 bid was for an “equal or greater sum than the adjudged
fair value of such property, or equal or greater than the taxes, interest, penalty and costs due upon
such property.” Appellant then purchased the property from the County at a tax resale in 1997. 
Appellees subsequently sued appellant for the taxes accruing from the 1993 judgment to the 1996
sheriff’s sale. Based on this evidence and relying on Moak, appellant argues that the lien for the
1993 through 1996 taxes merged into the title the County acquired when it obtained the deed from
the sheriff’s sale. As such, he asserts he has presented prima facie proof of a meritorious defense
and should be allowed a hearing on the remaining bill of review issues. We agree. 
            The only question before the trial court following the presentation of appellant’s evidence
was whether appellant presented prima facie proof that he would be entitled to judgment on retrial
provided appellees failed to offer proof that the meritorious defense was barred as a matter of law. 
Baker, 582 S.W.2d at 409. The trial court asked appellees whether the Tax Code changed the law
in Moak. Appellees responded that the Tax Code did change the law, but the law did not apply to
this case.


 Rather than assert the merger doctrine did not apply as a matter of law, appellees argued
Moak was not controlling because the Moak court failed to provide any discussion on the elements
of merger.


 Appellees asserted that because the required elements of merger were not present in this
case, appellant’s merger defense failed. Specifically, appellees asserted it would be disadvantageous
for the County to merge the liens into the estate and it was the County’s intent to preserve the liens
securing payment of the 1993 through 1996 taxes. To support this contention, appellees offered into
evidence a copy of the commissioners court order that addressed the possibility that property
purchased pursuant to the order may be subject to additional liens that may have accrued since the
date of judgment and that may not be satisfied by the bid submitted. 
            A bill of review defendant is limited to offering proof that shows the meritorious defense is
barred as a matter of law. Baker, 582 S.W.2d at 409. Factual evidence may not be considered
during this preliminary stage. See K.B. Video & Elecs., Inc. v. Naylor, 847 S.W.2d 401, 405 (Tex.
App.— Amarillo 1993, writ denied) (prima facie showing means, disregarding contrary evidence,
would complainant be entitled to judgment on retrial; not preponderance of the evidence). A trial
court should not consider any controverting evidence in determining whether prima facie proof of
meritorious defense has been established. Martin v. Martin, 840 S.W.2d 586, 592 (Tex.
App.—Tyler 1992, writ denied). A trial court is not called upon to determine the weight of the
evidence because such an inquiry is not a proper function of the court during this pre-trial
proceeding. Baker, 582 S.W.2d at 409. Instead, all factual disputes are resolved in the bill of review
complainant’s favor. Id. For these reasons, the introduction of appellees’ evidence on the merger
doctrine elements to dispute appellant’s merger defense should not have been considered at this
preliminary stage. 
CONCLUSION
            We conclude that appellant established a prima facie meritorious defense. Because the
appellees failed to prove appellant’s meritorious defense was barred as a matter of law, the trial court
erred in denying his bill of review. Therefore, we sustain appellant’s issue, reverse the trial court’s
dismissal of his bill of review, and remand the cause to the trial court for the remaining issues in the
bill of review.


 
 
Sandee Bryan Marion, Justice