**Affirmed and Opinion filed June 12, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00718-CV

---

## MADELON BANKS BLUNTSON, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF JEMMIE LEE BANKS, Appellant

### V.

## WUENSCHE SERVICES, INC. AND TONKAWA FARMS, L.P., Appellees

---

**On Appeal from the 155th District Court
Waller County, Texas
Trial Court Cause No. 09-07-19881**

---

## O P I N I O N

Appellant, Madelon Banks Bluntson, as Independent Administratrix of the Estate of Jemmie Lee Banks, appeals a summary judgment in favor of appellees, Wuensche Services, Inc. and Tonkawa Farms, L.P., in Bluntson's suit requesting a declaratory judgment that she effectively redeemed certain real property after a tax sale. We affirm.

### I. BACKGROUND

According to Bluntson, the Estate of Jemmie Lee Banks originally owned a 25% interest in the property. In December 2008, a 50% undivided interest in the property was

sold to satisfy a tax lien. Wuensche purchased the property at the sheriff's sale. On January 14, 2009, Wuensche filed the sheriff's deed in the county records. In late January 2009, Wuensche transferred the property to Tonkawa by Special Warranty Deed.

During June and July of 2009, through their respective attorneys, Bluntson (administratrix of Banks's estate) and Wuensche and Tonkawa (hereinafter collectively "appellees") engaged in written correspondence relative to Bluntson's attempt to redeem the property.[1]

Specifically, on June 16, 2009, Bluntson expressed her wish to redeem the property and requested itemization of costs incurred by appellees on the property. On June 26, 2009, appellees responded that the costs were $1,115 ($1,009 in labor for maintaining, preserving, and safekeeping the property and $16 for insurance) and outlined the total payment required for redemption:

| | |
|---|---|
| Amount bid for the property | $13,600.00 |
| Amount paid by the purchaser as taxes, penalties, and interest on the property | $550.38 |
| Amount paid by the purchaser as costs on the property | $1,115.00 |
| Aggregate Total Paid by Purchaser | $15,265.38 |
| Redemption Premium of 25 Percent | $3,816.35 |
| Redemption Amount | $19,081.73 |

On July 13, 2009, Bluntson delivered to appellees via Federal Express a letter dated July 10, 2009, stating in pertinent part:

> Enclosed you will find two cashiers checks in the amount of $17,687.98 and $1,393.75, totaling $19,081.73 for redemption of the

---

[1] Although Wuensche purchased the property at the tax sale but Tonkawa holds title by virtue of the transfer from Wuensche, Bluntson apparently seeks the same relief against both entities. Because this distinction is immaterial to the issue on appeal, we will refer to these entities collectively as "appellees."

above-referenced interest pursuant to your letter dated June 26, 2009. The check for $17,687.98 represents the portion of the redemption price that [Bluntson] does not dispute. The check for $1,393.75 represents the $1,115 in costs and the applicable 25% redemption premium thereon, such portion of the redemption price which [Bluntson] hereby requests additional documentation and proof to substantiate the same. In your letter dated June 26, 2009, you stated that $1,099 was incurred in "labor for maintaining, preserving, and safekeeping the property" and $16 for insurance. However, you have not provided any documentation or receipts evidencing such costs. [Bluntson] has an obligation to the Estate to obtain proof of such expenses.

Further, since [appellees] already own[] the other 50% undivided interest, we would request documentation showing that these costs which were incurred represent one-half of the costs which were actually incurred in relation to the "maintaining, preserving, and safekeeping" of the property. We hereby request that the check for $1,393.75 be held in trust by you pending the provision of this documentation and resolution of this issue. Enclosed you will find a Quitclaim Deed for execution by the current title holder, Tonkawa Farms. L.P. in relation to [Bluntson's] redemption.

Bluntson enclosed the two referenced checks and Quitclaim Deed.

On July 17, 2009, Wuensche replied that Bluntson's attempt to redeem the property was ineffective under the applicable statute because her offer to pay the required redemption amount was conditional and she did not utilize the prescribed alternative method for redemption when costs are disputed.[2]

Bluntson sued appellees, seeking a declaratory judgment that she effectively redeemed the property under the applicable statute. Appellees filed a joint motion for summary judgment on both no-evidence and traditional grounds. Bluntson filed a response. On May 16, 2011, the trial court signed an order granting summary judgment. Bluntson filed a motion for new trial, which was denied by written order.

---

[2] In the letter, appellees also claimed Bluntson had provided no evidence her decedent actually owned an interest in the property and thus that Bluntson had a right of redemption as administratrix of the estate—an issue discussed in the parties' previous correspondence. Because we agree with appellees that Bluntson's attempt at redemption was ineffective under the applicable statute, we need not decide whether Bluntson was required to provide the requested evidence in order to effect redemption.

## II. STANDARD OF REVIEW

We review declaratory judgments under the same standards as other judgments and decrees. *Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (West 2008). We consider the procedure used to resolve the issue in the trial court to determine the standard of review on appeal. *Lidawi*, 112 S.W.3d at 730. When a trial court resolves a declaratory judgment action via summary judgment, we review the judgment under the same standards applicable to reviewing a summary judgment. *See id.*

As discussed below, we uphold the summary judgment on the no-evidence ground. Therefore, we set forth only that standard of review. After adequate time for discovery, a party may move for summary judgment on the ground there is no evidence of one or more essential elements of a claim on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The movant must state the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). Unless the respondent produces summary-judgment evidence raising a genuine issue of material fact on the challenged element, the trial court must grant the motion. *Id.*; *Urena*, 162 S.W.3d at 550.

We review a summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in her favor. *Id.*

## III. ANALYSIS

In her sole issue, Bluntson contends the trial court erred by granting summary judgment on her declaratory judgment action because she complied with statutory requirements for redemption of the property.

Texas Tax Code section 34.21 governs the "Right of Redemption." Tex. Tax Code Ann. § 34.21 (West Supp. 2011). Under section 34.21, the procedures and time

4

limits for redemption vary according to the owner's use of the property and whether it was sold to a taxing unit or other purchaser. *See id.* Pertinent to the present case, the owner of real property "other than property that was used as the residence homestead of the owner or that was land designated for agricultural use when the suit or the application for warrant was filed" that is "sold at a tax sale to a purchaser other than a taxing unit" may redeem the property "by paying the purchaser" the following: (1) the amount the purchaser bid for the property; (2) the amount of the deed recording fee; (3) the amount paid by the purchaser as taxes, penalties, interest, and costs on the property; plus (4) a redemption premium, which "may not exceed 25 percent" of "the aggregate total." *Id.* § 34.21(a), (e). The right of redemption may be exercised "not later than the 180th day following the date on which the purchaser's . . . deed is filed for record." *Id.* § 34.21(e).

In their motion for summary judgment, appellees contended that Bluntson has no evidence of a valid redemption under section 34.21. In response, Bluntson relied on her letter dated July 10, 2009 (delivered to appellees on the final day of the above-referenced 180-day period) to support her claim that she effected a valid redemption. Appellees contend this letter was ineffective for redemption because Bluntson's tender of the required amount was conditional. We agree.[3]

In general, "an unconditional offer by a debtor or obligor to pay another . . . a sum not less in amount than that due on a specified debt or obligation" is a tender of payment.

---

[3] Appellees cite subsection 34.21(e), which governs redemption of real property used by the owner for the above-described purposes. *See* Tex. Tax Code Ann. § 34.21(e). Bluntson generally cites subsection 34.21(a), which governs "real property . . . that was used as the residence homestead of the owner or that was land designated for agricultural use . . ." when the property is sold to a purchaser other than a taxing unit and prescribes a redemption period of two years after recordation of the purchaser's deed. *Id.* § 34.21(a). However, when prescribing the procedure required for redemption of property governed by subsection 34.21(e), subsection 34.21(e) merely adopts the procedures prescribed in previous subsections of section 34.21 but shortens the redemption period to 180 days and places limitations on the amount of redemption premium. *Id.* § 34.21(e). Apparently, Bluntson cites subsection 34.21(a) only with respect to the requisite redemption procedure but acknowledges that subsection 34.21(e) prescribes the applicable redemption period in the present case. *See id.* Nonetheless, even if subsection 34.21(a) is applicable, the two-year period expired before appellees filed their motion for summary judgment. In her response, Bluntson relied solely on the referenced letter and cited no further effort to redeem the property during the two-year period. Therefore, we would also conclude that Bluntson failed to effect a valid redemption under subsection 34.21(a).

*Baucum v. Great Am. Ins. Co. of N.Y.*, 370 S.W.2d 863, 866 (Tex. 1963). "The tenderer must relinquish possession of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession." *Id.* More specifically, some of our sister courts have held that, to effect redemption after a tax sale, the owner must make an "unqualified" tender of the required amount within the statutory time period. *See Jensen v. Covington*, 234 S.W.3d 198, 206 (Tex. App.—Waco 2007, pet. denied) (citing *Rotge v. Murphy*, 198 S.W.2d 932, 936 (Tex. Civ. App.—San Antonio 1946, writ ref'd n.r.e.)); *Day v. Knox Cnty. Appraisal Dist.*, No. 11-04-00269-CV, 2006 WL 826094, at *2 (Tex. App.—Eastland Mar. 30, 2006, pet. denied) (mem. op.); *Leach v. Conner*, No. 13–01–468–CV, 2003 WL 22860911, at *10 (Tex. App.—Corpus Christi Dec. 4, 2003, no pet.) (mem. op.). We agree with our sister courts because the provision allowing an owner to redeem the property by "paying" the required amount within the statutory period clearly entails that the funds be tendered without any condition on the purchaser's right to possess them. *See* Tex. Tax Code Ann. § 34.21(a), (e); *see also Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768–69 (Tex. 2000) (stating that, in construing statutes, courts should look to plain meaning of words used therein).

Bluntson contends her offer of payment was unconditional because she tendered the total amount required for redemption and merely requested "substantiation" of the costs claimed by appellees. However, we conclude the offer was conditional because Bluntson did not merely seek substantiation. Rather, Bluntson indicated that amount may be disputed and requested appellees to hold the check for costs in trust pending "resolution" of the issue. Therefore, Bluntson's letter raised doubts on whether appellees would be permitted to retain these funds if the issue of costs were not resolved to Bluntson's satisfaction.

On appeal, Bluntson does not expressly mention her request that appellees hold the check in trust. However, in the trial court, Bluntson suggested that this request did not transform her tender into a conditional payment because the funds were "not restricted" and appellees could have nonetheless deposited the check. We reject the

notion that Bluntson made an unconditional payment because appellees could have disregarded Bluntson's *own* request and deposited the funds, thereby risking repercussions from such action. Quite simply, appellees were permitted to take Bluntson at her word and honor her instruction to not deposit the funds, thereby rendering the payment conditional.

As appellees also assert, section 34.21 provides an alternative method of redemption when, among other circumstances, "the owner and the purchaser cannot agree on the amount of redemption money due." Tex. Tax. Code Ann. § 34.21(f). Under this provision, the owner must submit the required amount and an affidavit with certain contents to the county assessor-collector within the redemption period otherwise prescribed under section 34.21. *See id.*[4] Bluntson acknowledges she did not exercise her right of redemption through this alternative method. Section 34.21 includes no provision authorizing redemption by conditional payment directly to the purchaser when there is a known or potential dispute regarding the redemption amount. *See id.* § 34.21.

Bluntson further asserts that "the opportunity to obtain an itemization of costs is designed to assist the redeeming owner in exercising the right of redemption, and should not be applied in a manner that would be to the owner's detriment." Bluntson suggests that she could not determine whether the amount of costs was correct without itemization and supporting documentation. However, in their June 26, 2009 letter, appellees timely responded to Bluntson's request for itemization of costs with what appellees characterized as an "itemization." *See id.* § 34.21(i) (providing that owner may request purchaser to provide written itemization of amounts spent by purchaser in costs on property, purchaser must respond within ten days of receipt of request, and only amounts in itemization provided to owner may be included in costs for purposes of redemption).

---

[4] The text of Section 34.21(f) was revised in 2009, and the former provision is applicable in the present case. *See* Act of May 21, 2009, 81st Leg., R.S., ch. 374, §§ 1–3, 2009 Tex. Gen. Laws 913–14. Regardless, because differences between the two versions are immaterial to the present case, we cite the current version of the statute.

During the following seventeen days before expiration of the redemption period, Bluntson did not request a more detailed itemization to determine if she disputed the costs or effect redemption through the alternative method prescribed under subsection 34.21(f) if she disputed the costs based on lack of sufficient information. Rather, in her letter delivered on the final day of the redemption period, Bluntson requested appellees to substantiate the previously-itemized costs with documentation. Section 34.21 includes no provision requiring a purchaser to provide substantiation of costs, much less permitting redemption via conditional payment pending substantiation of costs. *See id.* § 34.21.

Finally, as Bluntson emphasizes, the redemption statutes should be liberally construed in favor of redemption. *See Deutsche Bank Nat'l Trust Co. v. Stockdick Land Co.*, --- S.W.3d ---, No. 14-09-00617-CV, 2012 WL 786834, at *6 (Tex. App.—Houston [14th Dist.] Feb. 28, 2012, no pet. h.) (quoting *Buckholts v. Alsup*, 56 S.W.2d 301, 305 (Tex. Civ. App.—Texarkana 1932, writ ref'd)). However, we cannot use this doctrine of liberal construction as a license to contradict the plain meaning of section 34.21, which requires payment of the required redemption amount within the statutory period. *Id.* (citing *State v. PR Invs.*, 180 S.W.3d 654, 665 (Tex. App.—Houston [14th Dist.] 2005) (en banc), *aff'd,* 251 S.W.3d 472 (Tex. 2008)).

In summary, Bluntson failed to comply with section 34.21 because she did not make unconditional payment of the amount required for redemption within the statutory period. Accordingly, the trial court did not err by granting summary judgment in favor of appellees on Bluntson's request for a declaratory judgment.

We overrule Bluntson's sole issue and affirm the trial court's judgment.


/s/     Charles W. Seymore
        Justice


Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

8