**Affirmed and Majority and Dissenting Opinions filed August 11, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00361-CV

## MICHAEL JOE SORRELL AND SORRELL FAMILY LTD PARTNERS, Appellants

## V.

## ESTATE OF BENJAMIN HARDY CARLTON, III, BY AND THROUGH ITS INDEPENDENT ADMINISTRATRIX DARLENE BARTON, Appellee

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 70579

## M A J O R I T Y   O P I N I O N

Michael Joe Sorrell and Sorrell Family LTD Partners (collectively, "Sorrell") appeal the trial court's judgment in favor of the Estate of Benjamin Hardy Carlton III ("the Estate") in the Estate's suit seeking a declaratory judgment

that it effectively redeemed certain real property after a tax sale.  *See generally* Tex. Tax Code Ann. § 34.21 (Vernon 2015).  We affirm.

## BACKGROUND

The property at issue, known as Tract 2 Lot 1, formerly was owned by Benjamin Hardy Carlton III.  Sorrell purchased the land at a tax sale on February 7, 2012.  The Sheriff's Deed was recorded on February 28, 2012, and filed the next day.  Sorrell purchased Tract 2 Lot 1 for $68,000.  Sorrell also paid $8,694.49 in taxes and $682 for insurance.

In a letter dated July 31, 2012, the Estate's law firm notified Sorrell that the Estate's independent administratrix would redeem Tract 2 Lot 1 and tender "the amount of money paid" plus 25 percent to Sorrell.

The law firm sent a second letter to Sorrell on August 21, 2012, containing (1) a proposed form of Redemption Deed; (2) an $85,000 law firm trust account check; and (3) a $28 law firm check "for the filing fee."  The letter asked Sorrell "not [to] negotiate the checks until such times [sic] as the Deed has been executed by all Parties and the Deed [sic] on its way back to my office" and further stated: "As required by law my client is tendering you the amount of money paid plus the 25% redemption funds and your filing fees.  If there are any more claimed expenses, please notify me immediately and such funds will be paid, upon review."

Sorrell's attorney responded on August 31, 2012, that the proper redemption amount had not been tendered; rejected the redemption; and returned the two checks.  The Estate sued Sorrell on November 29, 2012, seeking a declaration that the Estate properly had redeemed Tract 2 Lot 1.[1]  After a bench trial held on April

---

[1] A decedent's estate is not a legal entity and may not sue.  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).  However, "if the personal representative of an estate participates in the case, the judgment involving the estate may be valid."  *Embrey v. Royal Ins.*

2

1, 2014, the trial court ordered the Estate to put $104,470.19 into the court registry by April 17, 2014. The Estate complied.

In a final judgment signed on January 27, 2015, the trial court (1) determined that the Estate effectively exercised the right of redemption; and (2) ordered the property to be restored. In its findings of fact and conclusions of law, the trial court stated that the Estate "made substantial compliance and tendered full compensation within the redemption period."

## STANDARD OF REVIEW

In a bench trial, findings have the same "force and dignity" as a jury's verdict upon jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). We review fact findings in a bench trial for legal and factual sufficiency of the evidence by the same standards used in reviewing the evidence supporting a jury's verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We review the trial court's conclusions of law *de novo*. *Smith v. Smith*, 22 S.W.3d 140, 143-44 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This court will follow a trial court's conclusion of law unless it is erroneous as a matter of law. *Id.* at 144.

Sorrell contends that legally and factually insufficient evidence supports the trial court's findings that the Estate (1) effectively exercised the right of redemption, and (2) substantially complied with the statute governing tax sale redemptions. *See* Tex. Tax Code Ann. § 34.21.

---

*Co. of Am.*, 22 S.W.3d 414, 415 (Tex. 2000). Darlene Barton, administratrix for the Estate, participated in the case. The plaintiff's petition was filed by and through Darlene Barton, who served as a witness at trial. *See Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.—Houston [1st Dist.] 1991, no writ) (a suit on behalf of a decedent's estate is a nullity unless the estate's personal representative participates in the suit).

When reviewing legal sufficiency we consider only the evidence and inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Smith*, 22 S.W.3d at 143. When reviewing factual sufficiency we consider and weigh all the evidence; a judgment can be set aside only if the challenged findings are so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*

## ANALYSIS

Redemption timing and procedures under the Tax Code depend on the owner's use and whether the property was sold to a taxing unit or other purchaser. *See generally* Tex. Tax Code Ann. § 34.21. The owner of real property "other than property that was used as the residence homestead of the owner or that was land designated for agricultural use when the suit or the application for warrant was filed" that is "sold at a tax sale to a purchaser other than a taxing unit" may redeem the property by paying the purchaser (1) the amount bid for the property; (2) the deed recording fee; (3) the amount paid by the purchaser as taxes, penalties, interest, and costs on the property; and (4) a redemption premium, which "may not exceed 25 percent" of "the aggregate total." *Id.* § 34.21(a), (e). The owner's right of redemption must be exercised "not later than the 180th day following the date on which the purchaser's . . . deed is filed for record." *Id.* § 34.21(e).

An owner seeking to exercise the right of redemption must pay the prescribed amount. *Id.* § 34.21(a), (e). The right to redeem expires if the owner fails to make a timely and sufficient tender. *Id.* A mere offer to redeem is ineffectual. *Burkholder v. Klein Indep. Sch. Dist.*, 897 S.W.2d 417, 420 (Tex. App.—Corpus Christi 1995, no writ). Failure to timely redeem ripens title to the property in favor of the purchaser. *Id.* (citing *State v. Moak*, 207 S.W.2d 894, 896-

4

97 (Tex. 1948)). The burden of proof rests on the original owner to prove payment of the required amount within the statutory period. *Id.*

We construe the applicable statutory provisions broadly in favor of redemption. *See Jensen v. Covington*, 234 S.W.3d 198, 203 (Tex. App.—Waco 2007, pet. denied); *see also ABN AMRO Mortg. Grp. v. TCB Farm & Ranch Land Invs.*, 200 S.W.3d 774, 780 (Tex. App.—Fort Worth 2006, no pet.); *UMLIC VP LLC v. T & M Sales & Envtl. Sys.*, 176 S.W.3d 595, 607 (Tex. App.—Corpus Christi 2005, pet. ref'd); *Rogers v. Yarborough*, 923 S.W.2d 667, 669 (Tex. App.—Tyler 1996, no writ). A purchaser at a tax sale buys with knowledge that his title may be defeated by the original owner's statutory right of redemption. *Jensen*, 234 S.W.3d at 203-04; *ABN*, 200 S.W.3d at 780.

Sorrell argues the evidence was legally and factually insufficient to support a finding of substantial compliance because the Estate failed to pay the proper redemption price within the specified time.

"Substantial compliance means one has performed the essential requirements of a statute. The term has been applied to excuse deviations from a statutory requirement if such deviations do not seriously hinder the legislature's purpose in imposing the requirement." *Mekhail v. Duncan–Jackson Mortuary, Inc.*, 369 S.W.3d 482, 485 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (internal quotations omitted).

"Substantial compliance is 'determined on a case by case basis, depending in part on the size of the amount paid timely, the size of the amount left unpaid by the [deadline], and the promptness of the late payment.'" *Id.* (quoting *Harris Cty. Appraisal Dist. v. Dipaola Realty Assocs.*, 841 S.W.2d 487, 490 (Tex. App.—Houston [1st Dist.] 1992, writ denied)) (alteration in original). Texas courts have applied the doctrine of *de minimis non curat lex* to find substantial compliance

5

with section 34.21 when the redemption tender is less than the statutorily required amount by a small or insignificant amount. *Compare Gonzalez v. Razi*, 338 S.W.3d 167, 176 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (owner substantially complied when short of the required amount by $172.72), *and Page v. Burk*, 582 S.W.2d 512, 514 (Tex. Civ. App.—Dallas 1979, no writ) (owner substantially complied when short of the required amount by less than one percent), *with Haynes v. Haire*, No. 09-14-00011-CV, 2014 WL 5409053, at *3 (Tex. App.—Beaumont Oct. 23, 2014, pet. denied) (mem. op.) (owner did not substantially comply with section 34.21 when tender was short by $7,782.96); *and Burd v. Armistead*, 982 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (owner did not substantially comply with section 34.21 when tender was short by $6,076.93).

Here, the Estate had 180 days from February 29, 2012 — until August 27, 2012 — to tender sufficient payment. By letter dated August 21, 2012, the Estate sent Sorrell a check for $85,000 (representing $68,000, the amount Sorrell bid for the property, plus 25 percent) and another $28 check for the filing fee, bringing the Estate's total tender to $85,028. This amount did not include $8,694.49 in taxes Sorrell paid and $682 in insurance. The proper redemption amount totals $96,755.61 taking into account the bid price of $68,000, the $28 recording fee, $8,694.49 in taxes, $682 in insurance, and the 25 percent redemption fee. While the Estate's initial effort at payment was timely, it was short by $11,727.61. The August 21 tender was lacking by an amount that is not small or insignificant.

This conclusion does not end the analysis because the amount tendered is only one factor we must consider in determining substantial compliance. *See Jensen*, 234 S.W.3d at 207.

6

In *Jensen*, ad valorem taxes on Jensen's house were overdue and the taxing authorities obtained a judgment on the delinquencies. *Id.* at 200. Center ISD purchased the property at a tax sale and subsequently sold the property to Covington. *Id.* On February 10, the day of the redemption deadline, Jensen had his attorney hand-deliver a letter to Covington notifying him that Jensen would be redeeming the property. *Id.* at 201. The letter further requested a written itemization of costs as allowed under Texas Tax Code section 34.21(i). *Id.* Covington did not respond to the letter. *Id.* That same day, Jensen's lawyer called Covington's home twice and left a message, and further sent the hand-delivered letter by fax. *Id.* Despite these attempts, Covington never contacted Jensen's lawyer. *Id.*

Jensen's lawyer called Covington twice the next day but was unable to speak with him. *Id.* The lawyer also went to Covington's business to contact him, but after identifying himself, was told by an employee that Covington was not there. *Id.* Jensen's lawyer next drove to Covington's home and left with Covington's wife a quitclaim deed and a check from his escrow account payable to Covington in the amount of $45,625 (the bid price of $36,500 plus 25 percent). *Id.* at 202, 204. Jensen's lawyer then sent another letter by fax to Covington explaining his attempts to reach Covington. *Id.* at 202. Covington returned the check to Jensen's lawyer on February 12 contending that it was tardy. *Id.*

The Waco Court of Appeals concluded that the $45,625 redemption price tendered by Jensen was erroneous because it did not include taxes and costs. *Id.* at 204-05. The court nonetheless concluded that Jensen substantially complied with section 34.21. *Id.* at 206. The court stated:

> Covington violated his statutory duty to provide Jensen with the itemization. While Jensen would be the first to admit that he should not have waited until the last day to attempt to redeem his property,

7

> the law cannot allow Covington to benefit from his refusal to provide an itemization and from giving Jensen's attorney the "runaround." Covington cannot have it both ways: he cannot assert that he had ten days to respond to Jensen, and then use those ten days to claim that Jensen's tender was untimely.

*Id.* at 205 n.3.

The circumstances here parallel *Jensen*. The Estate notified Sorrell 27 days before the redemption deadline that it would be redeeming Tract 2 Lot 1. The Estate tendered $85,028 six days before the redemption deadline and asked Sorrell to itemize any additional sums required to be included in the redemption price. The letter stated: "If there are any more claimed expenses, please notify me immediately and such funds will be paid, upon review." *See* Tex. Tax Code Ann. § 34.21(i) ("The owner of property who is entitled to redeem the property under this section may request that the purchaser of the property . . . provide that owner a written itemization of all amounts spent by the purchaser or taxing unit in costs on the property.").

Sorrell responded by letter four days after the August 27 redemption deadline had passed. Sorrell's August 31 response occurred within the statutorily allowed 10-day period after the Estate tendered its $85,028 redemption amount on August 21. Sorrell stated that the Estate's $85,028 tender was untimely and insufficient, and calculated the amount due as $99,845.61. Sorrell's calculation was incorrect because it erroneously included the bid price for a separate tract the Estate was not trying to redeem.

The command to construe provisions broadly in favor of redemption is not compatible with Sorrell's position that the Estate lost its redemption right when it made a timely itemization request and then received an erroneous response from Sorrell after the redemption deadline had passed. *See Jensen*, 234 S.W.3d at 205

n.3 ("Jensen made a timely tender when he offered to pay the itemization costs in whatever amount they were.").

Sorrell argues that even if the Estate could not get the requested itemization from Sorrell himself, the Estate could have filed an affidavit with the county tax assessor-collector and redeemed the property. *See* Tex. Tax Code Ann. § 34.21(f). Under this provision, the owner "may redeem the real property by paying the required amount . . . to the assessor-collector . . . if the owner of the real property makes an affidavit stating" that:

> the owner has made diligent search in the county in which the property is located for the purchaser at the tax sale or for the purchaser at resale, and has failed to find the purchaser, that the purchaser is not a resident of the county in which the property is located, that the owner and the purchaser cannot agree on the amount of redemption money due, or that the purchaser refuses to give the owner a quitclaim deed to the property.

*Id.*

The contingencies contemplated in section 34. 21(f) were not applicable here. The Estate found Sorrell and there is no contention that Sorrell is not a resident of the county in which Tract 2 Lot 1 is located. There was no disagreement at the time of tender, or within the 180-day period, because Sorrell responded with incorrect information after the period had expired. *Cf. Bluntson v. Wuensche Servs., Inc.*, 374 S.W.3d 503, 508 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (section 34.21(f) provides alternative method of redemption available when owner and purchaser cannot agree on amount due).

Sorrell also argues the Estate made an impermissible conditional tender because the Estate's transmittal letter (1) said the check was not to be negotiated until the enclosed deed was executed and sent back to the Estate; and (2) included

this language: "If there are any more claimed expenses, please notify me immediately and such funds will be paid, upon review."

Generally, "'an unconditional offer by a debtor or obligor to pay another . . . a sum not less in amount than that due on a specified debt or obligation' is a tender of payment." *Bluntson*, 374 S.W.3d. at 507 (citing *Baucum v. Great Am. Ins. Co. of N.Y.*, 370 S.W.2d 863, 866 (Tex. 1963)). "The tenderer must relinquish possession of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession." *Baucum*, 370 S.W.2d at 866. "[T]o effect redemption after a tax sale, the owner must make an 'unqualified' tender of the required amount within the statutory time period." *Bluntson*, 374 S.W.3d at 507 (citing *Jensen*, 234 S.W.3d at 206).

We reject Sorrell's contention that the Estate made a conditional tender by asking for the quitclaim deed it was statutorily allowed to obtain. With respect to the transmittal letter's additional language, we look to *Bluntson* for guidance.

In *Bluntson*, the owner enclosed in a letter two checks for redemption. *Id.* at 505. One was a $17,687.98 check representing the undisputed portion of the redemption price; the other was a $1,393.75 check representing costs purportedly incurred by the purchaser. *Id.* The letter stated that the purchaser had not provided any documentation or receipts for the costs incurred and requested documentation as proof of the costs. *Id.* The letter concluded: "We hereby request that the check for $1,393.75 be held in trust by you pending the provision of this documentation and resolution of this issue." *Id.* at 506. The court concluded that this offer was conditional. *Id.* at 508.

The offer in *Bluntson* was not conditional because the owner requested proof of the costs incurred; rather, the offer was conditional because the owner asked the

10

purchaser to hold the check in trust pending "resolution" of a threatened dispute regarding costs. *Id.* The owner's "letter raised doubts on whether [the purchaser] would be permitted to retain the[] funds if the issue of costs were not resolved to [the owner's] satisfaction." *Id.* No such circumstances are present in this case because the Estate neither conditioned its offer on the resolution of any issue nor threatened to dispute any itemization provided by Sorrell.

In light of the record and the policies underlying redemption procedures, we reject Sorrell's contention that legally and factually insufficient evidence supports the trial court's findings that the Estate substantially complied with the statutory requirements and effectively redeemed the property.

## CONCLUSION

We affirm the trial court's judgment.

/s/    William J. Boyce
          Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise (Frost, C.J., dissenting).